Montgomery      *Wells*, in reply, was stopped by the court.
v.
Hasbrouck.      *Per Curiam.* This is a clear case. After a dissolution
of a copartnership, the power of one party to bind the
others, wholly ceases. There is no reason why his *acknow-
ledgment* of an account should bind his copartners, any
more than his giving a promissory note in the name of the
firm, or any other act. The plaintiff ought to have pro-
duced further evidence of the debt ; the acknowledgment
of *Hastie* alone was not sufficient to charge *Patrick*.

There must be a new trial, with costs to abide the event
of the suit.

New trial granted.


Montgomery *against* Hasbrouck and others.

In an action,      A CAPIAS AD RESPONDENDUM was issued, at
not bailable, or
where no  *ac*  the suit of the plaintiff, against *James Hasbrouck*, *Conrad*
*etiam* clause is  *E. Elmendorf*, *Daniel Lewis*, and *seven* others, to answer
inserted in the
writ, any num-  *in a plea of trespass*, returnable at the last *May* term. The
ber of defend-
ants may be  writ contained no *ac etiam* clause, and all the defendants,
joined in one  except *Lewis*, having been taken, their appearance was in-
writ, and the
plaintiff may,  dorsed on the writ, as is usual, where defendants are not
afterwards, de-  held to bail.
clare against
those brought      A declaration was filed against all the defendants, who
into court, se-  had thus indorsed their appearance, except *Conrad E.*
verally, or a-
gainst some,  *Elmendorf;* and a default and interlocutory judgment, was
omitting the
others.      afterwards duly entered, for want of a plea.

*C. E. Elmendorf*, for the defendants, now moved to set
aside the proceedings in the cause, for irregularity. He
contended, that there was a variance between the writ and
the declaration, as the name of one of the defendants
taken on the *capias* had been omitted in the declaration.
He cited 1 *Sellon*, 255. 2 *Wils.* 85.

*Slosson*, contra. The mode of proceeding by bill in
trespass, is derived from the practice of the *English* court
of K. B. where it has been long settled, that when the

defendant is once brought into court by the process in tres- pass, you may declare against him for any other species of injury.* The object of the process is merely to bring the party into court. In all actions not bailable, or where the cause of action is not specified in the writ, the plaintiff may proceed against all or any of the defendants brought into court.

NEW-YORK,
Nov. 1808.

Montgomery
v.
Hasbrouck.

* 1 *Tidd*, 51.
7 *H.* VI. 42.
22 *H.* VI. 24.

In the case of *Holland* v. *Johnson*,† the court of K. B. in *England*, decided, that the plaintiff might join four defendants in one writ, and sever the subsequent proceedings against them. And in *Stables* v. *Ashley* and others,‡ in the C. B. the court said that they would not countenance such an objection, as is now made, unless they were bound by the strictest authority ; and they held the distinction to be, between process bailable, and not bailable ; and that in the latter, the plaintiff may declare against one defendant, though several are named in the writ. This distinction was also recognised by the court of K. B. in the case of *Yardley* v. *Burgess*.* In *Allington* v. *Valvasor*,† where four defendants were arrested on the *latitat*, and appeared severally, Ch. J. *Holt* held, that the plaintiff might declare against them severally.

† 4 *Term Rep.*
695.

‡ 1 *Bos. & Pull.*
49.

* 4 *Term Rep.*
697. *in note.*
† 1 *Com. Rep.*
74.

*Per Curiam.* Where the process is not bailable, or the cause of action is not specified in the writ, the plaintiff may join any number of defendants in the writ, and declare against them severally. There can be no inconvenience in this practice. If either of the defendants is not declared against, and he wishes to get rid of the action, he must proceed by obtaining a rule against the plaintiff to declare against him, or be nonsuited.

Rule refused.