The opinion of the court was delivered by
Rogers, J.
If this question were res integra, the court would have no difficulty. The construction of the statute of limitations is embarrassed with decisions, (from an indisposition in courts of justice of former times to carry its wholesome provisions into effect,) which it would be a hopeless task to endeavour to reconcile. An attempt to do so would confuse, rather than elucidate, the point ' now under review, which in Pennsylvania is new, and of some interest. In the modern cases, the statute has been considered as *128 entitled to some respect, and not to be explained away. With this disposition, I approach the point raised on the record.
The act of assembly provides, that the action shall be commenced within six years next after the cause of .action, and not after. The statute bars the remedy,’.but. does not extinguish the debt. The debt remains in foro conscientise, as obligatory after the' expiration of the six years as before: .hence it is, that the indebtedness has always been considered a good consideration for a new promise. We shall be gr.eatly assisted in our inquiries, in the first place,,by ascertaining in what manner in Pennsylvania, a case is taken out of the act of limitations. There must be a new promise, either express or implied, to h,ave-this effect. The acknowledgment o.f the debt does not take the case out of the act, but it is a fact from which a new promise may be inferred; and for this we have the authority of the Supreme Court, in the leading case of Jones v. Moore, 5 Binn. 573. The Chief Justice, in delivering the opinion of the court, has investigated all the cases, and has deduced the principle to which I have just referred, which has since been considered as text law in this state. The fact of á new promise is left as any other fact to the jury, with directions from the court to infer a promise, unless there is something in the evidence from which a contrary inference must be drawn. It is a legal presumption,, which, without more, the jury are not permitted to disregard.- The inquiry always is, whether there is sufficient evidence of a new promise to pay, and, without it, the plaintiffs are not entitled to recover, whatever opinion the jury may have formed as to the payment, or actual discharge of the debt. It is to be regretted that this salutary rule has been departed from; for, by- keeping it steadily in view, much difficulty, with which we are continually embarrassed in the construction of the act, would have been avoided. A strict adherence to principle would have put the party to his .suit on the new promise, would have prevented a .recovery on the old pleadings, and would have rendered incompetent the proof of a promise after the commencement of the suit. It is now understood, that the plaintiff may declare on the original cause of action, although he relies on the new promise. Without multiplying authorities, it may be sufficient to observe, that the whole current of cases in Pennsylvania are in accordance with these principles, for the case of Jones v. Moore has never been questioned. It remains, then, to inquire into the power of a partner after the dissolution of the partnership. Whenever a partnership is dissolved, the object of the association, is terminated, and nothing remains to be done, except the arrangement of the affairs of the.partnership; and.until they are settled, as between the parties, the partnership may be said to continue. Engagements'may be contracted, which cannot be fulfilled during its existence, exposed as partnerships are to sudden and extraordinary terminations. For the purpose, therefore, of making good outstanding engagements, the partnership *129 must, in legal contemplation, have a continuahce, although, as between the parties themselves, it is actually determined. Qow on Part. 212. Beyond this, the power of former partners to bind each other does not extend. After the dissolution of the partnership, they are not the agents of each, other, except for the purpose of making good outstanding engagements. They eannot enter into a new contract, or engagement for their former partner. They have no authority, either express or implied, for any such purpose, nor does necessity or public convenience require that they should. They become so disunited in interest, that the one cannot by any contract or engagement implicate the credit of the other. Dow on Part: 310. “ The authority,” say the court in 4 Johns. 227, “which exists during the continuance of a partnership, for one partner to bind his co-partner, ceases on its dissolution. Again, in 3 Johns. 538, — “After the dissolution of a co-partnership, the power of one partner to bind the other wholly ceases.”
In many, and indeed in most cases; one of the-partner’s is by agreement exclusively authorized to arrange .their joint affairs, and. to receive the partnership credits, as the fund, out of which to discharge the partnership debts. The Óther partner, in many cases, is ignorant of the details of the business; particularly when he is' acquainted with, and satisfied with-the result. It'.vvóuld be dangerous to say, that, under such circumstances, his acknowledgment should charge the former partner; for it is to be remembered, that the statute was not enacted to protect persons from claims fictitious in their origin1, but from ancient claims whether well or-ill founded, which may have been discharged, although the evidence of discharge may have been lost. 8 Crunch, 74.
After settlement of the accounts, many persons, become careless of their vouchers, which may be lost by time, or accident. To expose persons, in such situations, to the risk bf being saddled with debts at an indefinite length of time, which may have been discharged, by the acknowledgment of a person ignorant of the fact of payment, or from insolvency, and perhaps malice,-reckless of the consequences, is a principle which I am unwilling to sanction. Persons so exposed are those whom the statute was intended to protect. It gives them a shield, of which they cannot be deprived without, their own consent. We cannot have a‘ stronger illustration of the propriety of the rule than is presented by this v.ery case. The solvent partner, Hippie, claims the protection of the act; it is the insolvent, Cadet, who not only wishes to waive the benefit of the act for himself, but for Hippie also'. Whether the debt has been paid, I know not, nor is it material.- It is sufficient for me, that the six years from the time the action arose., has expired, and that Hippie has neither promised to pay the money, nor has he made any acknowledgment, from which a promise may be inferred. On the contrary, he claims .the protection of the statute; and, in the opinion of the court, he is entitled to its benefit. We *130 have carefully examined the cases cited in the argument, all which, whether in England or in sister states, have been brought by the research of counsel in review before us, and, although entitled to great respect, as evidence of the law, are not authority here. However differently settled elsewhere, (which does not distinctly appear,) yet, in Pennsylvania, in carrying out the great leading principle of the- statute of limitations, we come to the conclusion that one partner'cannot, after the .dissolution of the partnership, 'hind the other, so as to deprive him of the benefit of the act. It will be.observed, that we do not place the question on'the fact that the promise was made after the six years had expired, but on the general principle, which, in the opinion of the court, covers the whole ground.
It may be sufficient to observe*- that the remaining points have been considered, and that they do not avail the plaintiff.
New trial awarded.