Knicker-
backer
v.
Colver.

KNICKERBACKER *against* COLVER.

THE SAME *against* HAWES.

*Two joint trespassers were sued by a single non-bailable cap ad resp. but appeared by separate attorneys; and the proceedings were several for the trespass against each, with $5 damages by confession, and full costs against each. One having paid, or being discharged from the damages, held, that this discharged the other; but the plaintiff might collect his costs of each.*

*Here were two separate suits for the same trespass. In such case, the plaintiff may elect de melioribus damnis; but can have only one satisfaction.*

*Though non-bailable process go against several jointly, the plaintiff may declare against them severally.*

A NON-BAILABLE *capias ad respondendum* was issued against Colver and Hawes jointly at the suit of the plaintiff, for a false imprisonment committed by Hawes. The plaintiff's attorney received separate notices of retainer, *by one attorney for Colver and another for Hawes; whereupon he declared separately against the defendants, and issues were joined, and the cause carried down for trial at the circuit, as if the suits had been commenced by separate process against each. At the circuit, the plaintiff and defendants agreed that these causes should abide the event of another cause depending on the same questions, wherein, if the plaintiff finally succeeded, the defendants should each give a cognovit for $5. The other plaintiff succeeded, and the cognovits were given accordingly. The plaintiff then taxed his costs as in two separate actions, perfecting judgment against each, not only for the costs but the damages, and suing out executions for the whole against each. The plaintiff had discharged Hawes as to the judgment and execution against him; and now

*E. Williams* moved that satisfaction be entered on the judgment roll against Colver.

*A. L. Jordan,* contra, cited 3 John. 530 ; 4 T. R. 695.

*Curia.* Where the process is not bailable, it may go against any number of defendants jointly ; and yet the plaintiff may declare against them severally. (3 John. 538 ; 4 T. R. 695, 697.  1 B. & P. 49 ; 5 B. & P. 82.)

By the course of proceeding, these suits became separate to every purpose; and are not to be considered as a joint suit defended by each defendant *simul cum* the other. The defendants are to be treated as joint trespassers sued separately, in which case the plaintiff can have but one satis-

[*112]

faction; but he may assess damages separately; and then elect *de melioribus damnis*, and recover costs against each. The plaintiff, therefore, is entitled to recover his damages but once; and having either received them from Hawes, or discharged him without payment, that act must be considered a satisfaction or release of the damages as to both. The plaintiff ought not to collect the damages on the other execution. The five dollars damages must be indorsed satisfied on that; but the costs may be collected.