By the Court:

This is not a plea in abatement either in form or substance, nor is the, variance relied on properly the subject-matter of a plea in abatement; nor can it be properly pleaded in bar of the action. It is not a plea of the former description-, because it neither commences nor ¡concludes as a plea in abatement, but as a plea in bar, nor does it pretend to furnish the plaintiff below with a better writ or process for the institution of his suit in this Court, as every plea in abatement of the writ must do, and which in no case originating here by appeal, of course, could be done. Neither can it be treated as a plea in bar, although the matter relied on, that is to say, the inability of a husband to sue by his wife,-would constitute a complete defence to the suit as instituted below, because a plea in bar is always addressed to the declaration, and the declaration here is all right and in proper form:
We consider, however, the variance in this case between the transcript of the suit below and the pronarr filed in this Court, though not a proper ground for either a plea.in abatement or a plea in bar, for the reasons stated, a fatal objection to the prosecution of the appeal; for had the declaration conformed to the transcript, it would have been defective on general demurrer, and could not have been sustained.
Instead therefore of seeking to take advantage of this objection by a plea in abatement, or in bar, the proper course in-our opinion for the appellant to pursue would be, to move to set aside the declaration for irregularity; be *469 cause at law, it is the first requisite of a declaration that it shall correspond with the process on which the action is founded, first, in the names of the parties, secondly, in the number of the parties, thirdly, in the character or right in which they sue or are sued, and fourthly, in the cause and form of the action; and if it fails to correspond with the process in any of these particulars, the Court will, on motion, set it aside for irregularity. 1 Chit. Pl. 222, 223, 226, 254; 1 B. & P. 383; 1 Saund. 318; 5 T. R. 722; Tidd’s Pr. 426; 4 Johns, 485; 8 Cow. 111; 1 P. & Duer’s Pr. 420; 6 T. R. 158; 8 T. R. 416; 3 Wils. 61.
Patterson, for appellant.
Gordon, for respondent.