## McCowin *et al.* *versus* Cubbison.

1. After the dissolution of a partnership the *liquidating* partner may borrow money to pay a firm debt and give a firm note for it, but any member of the firm cannot do so without authority from his fellows.

2. Brown *v.* Clark, 2 Harris 469; Davis *v.* Desauque, 5 Wharton 530; Houser *v.* Irvine, 3 W. & S. 345; Robinson *v.* Taylor, 4 Barr 242, followed.

November — 1872. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Lawrence county*: No. 92, to October and November Term 1872.

This was an action of assumpsit, brought July 8th 1869, by Joseph C. Cubbison, to the use of Robert Patterson, against William McCowin, Thompson McCowin, Hugh Gailey and others, trading as "The Farmers' Union."

The jury in the case were sworn as to the McCowins and Gailey.

The cause of action was this note:—

"December 3d 1863.

"One year after date we promise to pay to the order of Joseph C. Cubbison the sum of two hundred and ninety-six 80-100 dollars, it being for value received.

"David Fields, Disbursing Agent of Farmers' Union."

The Farmers' Union was composed of a number of persons associated under articles of agreement, which had no provision for dissolution or liquidation. The object of the association was to carry on a country store.

The consideration of the note was shown, on the trial, to be money lent to Fields, which he used in paying the debts of the association. There was evidence tending to show that Fields had authority to act on behalf of the company.

The defendants then offered to prove that, in the spring of 1860, the company sold their stock and ceased to carry on their business, entirely abandoned the object of their association, and dissolved the company, of which the plaintiff had knowledge, before the note in suit was given; and that Fields was never appointed agent to wind up the business, and borrow money for that purpose, or do any other act, by consent of the members of the company.

The offer was objected to by the plaintiff, because defendants are still liable for the debts of the firm and cannot avoid their liability, either by dissolution or change in the character of the debt.

The court (Vincent, J., of the 6th district) rejected the offer, and sealed a bill of exceptions.

The verdict was for the plaintiff for $159.87.

The McCowins took a writ of error and assigned for error the rejection of their offer of evidence.

*J. McMichael* and *S. W. Dana*, for plaintiffs in error.

*D. B. & E. T. Kurtz*, for defendant in error.

The opinion of the court was delivered, January 6th 1873, by

READ, C. J.—This suit was brought by the plaintiff against eight defendants, of whom the plaintiffs in error were two, upon a promissory note in these words:—

"$296.83　　　　　　　　　　　　　December 3d 1863.

"One year after date we promise to pay to the order of Joseph C. Cubbison the sum of two hundred and ninety-six 80-100 dollars, it being for value received.

"DAVID FIELDS, Disbursing Agent for Farmers' Union."

The Farmers' Union was a copartnership, which had engaged in carrying on a large general country store, composed of all the defendants, and many others, under articles of agreement. The note in question was given for money lent to Fields, and used by him towards paying the debts of the company.

Upon the trial the plaintiff offered the note in evidence, and then proved by Fields the consideration of the note, and gave evidence tending to show authority to act on behalf of the company.

The defendants offered to prove "that in the spring of 1860 the company sold out their stock of merchandise, and ceased from that time forward to carry on their business, leased and afterwards sold their storehouse, and totally abandoned then the object for which they were organized, and, in fact, dissolved the company; and all this with the knowledge of the plaintiff, before the giving of the note in suit; and that said Fields was never appointed agent to wind up the business, or borrow money for the purpose, or do any other act, by the consent of the members of said so dissolved company."

The court rejected this offer, and the question is were they right? After the dissolution of a partnership, it has been held that the liquidating partner may borrow money to pay a firm debt, and give a firm note for it to the lender, but it never has been held that every member of a dissolved firm may do the same, without any authority from the other members of the firm. In the present

instance could every one of the eight or twenty members after dissolution, without authority from his partners, borrow money to pay debts, and give notes binding all the other partners to pay such notes so given to the lenders? We think not, and we are, therefore, of opinion the court were in error in rejecting this offer.

The authorities on this point, in Pennsylvania, are: Davis *v.* Desauque, 5 Wharton 530; Houser *v.* Irvine, 3 W. & S. 345; Robinson *v.* Taylor, 4 Barr 242; Brown *v.* Clark, 2 Harris 469; and all speak the same language.

Judgment reversed, and *venire de novo* awarded.