ELIZA MITCHELL, RESPONDENT, *v.* LORENZO ALLEN AND ALVIN PORTER, APPELLANTS, IMPLEADED, ETC.

*When the discharge of one of several joint tort-feasors operates as a release of the others — Supplemental answer — the fact that the allegations contained in it do not constitute a defense, is not usually a ground for denying a motion for leave to serve it.*

After the joinder of issue, in an action brought against three defendants to recover damages for an injury caused by their negligence, the plaintiff entered into an unsealed written agreement with one of them whereby, in consideration of certain money paid by him, the plaintiff stipulated to discontinue the action as to him and release him from all claims of every kind which the plaintiff had against him, but provided expressly that the stipulation should in no wise affect the other two defendants, and that the plaintiff should retain all his claims against them as if the stipulation had not been made.

*Held,* that the discharge of the defendant under this agreement operated to release the other two from all liability, and that they should be allowed to serve a supplemental answer setting forth the foregoing facts.

It is not customary for the court to deny an application for leave to serve a supplemental answer upon the ground that the facts sought to be set forth therein do not constitute a defense to the action.

APPEAL from orders made at a Special Term denying motions for leave to serve a supplemental answer.

*M. M. Waters,* for the appellants.

*R. H. Duel,* for the respondent.

RUMSEY, J. :

These are appeals by the defendants Allen and Porter, separately, from orders made at the Cortland Special Term, denying to those defendants leave to serve a supplemental answer.

The orders recite that the defendants have made a case entitling them to serve the supplemental answer proposed, but denies the leave because the facts stated in it do not constitute a defense. Ordinarily where the facts appearing on such a motion show that the party is entitled to serve his supplemental pleading, he ought to be permitted to do so, unless the pleading is clearly bad or frivolous, leaving the other party to demur to the pleading or take advantage

of its insufficiency on the trial. ✗ We were strongly inclined to reverse the orders on that theory, but as the sufficiency of the answers has been fully argued we will consider it. The action was brought against Markham, Allen and Porter to recover damages for their negligence by which plaintiff was injured. Allen and Porter answered separately. After the action was at issue, plaintiff made a stipulation in the action, not under seal, reciting the pendency of the action, and of another action brought by plaintiff's husband and proceeding thus : " It is hereby stipulated in consideration of $285 received of Hiram Markham, the above actions are hereby discontinued as far as the defendant Hiram Markham is concerned, and the said Hiram Markham is hereby released from all claims of every name and nature which said above-named plaintiff * * * has against him, but this stipulation is in no wise to affect the defendants Lorenzo Allen and Alvin Porter, and the said * * * Eliza Mitchel retains all claims against said Allen and Porter, defendants, the same as if this stipulation had not been made."

The defendants, Allen and Porter, desire by their supplemental answers to set up this stipulation, claiming that it is an accord and satisfaction as to Markham of the joint tort, and operates to release them notwithstanding the proviso. The court at Special Term held that these facts did not constitute a defense, and for that reason only denied the motions.

The plaintiff insists to support this order that the stipulation, not being under seal, is not a technical release, and therefore does not operate to discharge the other defendants, and that, regarded simply as a contract between Markham and the plaintiff, the intention of the contracting parties not to discharge the other defendants is clear, and the court must give effect to it. To sustain this claim, he cites *Matthews* v. *Chicopee Manufacturing Company* (3 Robt., 711). The report in that case is meagre, and neither the nature of the action nor the contents of the release are stated.

The decision is put on the authority of *Price* v. *Barker* (1 Jurist [N. S.], 775), the judge holding, as was held in that case, that to carry out the intention of the ʃparties he would construe the release as a covenant not to sue the parties named in it, and would give it no further effect. It is unnecessary to say whether we approve of the case or not, for we do not regard it as in point.

The case of *Price* v. *Barker* (*supra*) arose upon a contract by the obligee of a joint and several bond not to sue one of the obligors, reserving his rights against the others. We need not further consider it.

In *Irvine* v. *Milbank* (15 Abb. [N. S.], 378; S. C., 56 N. Y., 635) the point decided was simply that the paper in question then was only an acknowledgment by a judgment creditor of the receipt from one of several judgment debtors of a portion of the judgment, and that the other judgment debtors were not discharged.

This stipulation not being under seal cannot operate as a release, but it acknowledges a payment from Markham for which it releases him from further claim of the plaintiff. So far as he is concerned the stipulation was an accord and satisfaction for the tort. (*Vedder* v. *Vedder*, 1 Denio, 257.) There is no doubt that the plaintiff is entitled to but one satisfaction for her injury. (*Lovejoy* v. *Murray*, 3 Wall., 17; *Knickerbacker* v. *Colver*, 8 Cow., 111.) It is not necessary that this satisfaction be by way of a judgment (*Gunther* v. *Lee*, 45 Md., 60; 24 Am., 504; *Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y., 628–635, *per* ALLEN, J.); and satisfaction from one party discharges the others. (*Knickerbacker* v. *Colver*, *supra*.)

The plaintiff, not seriously denying all this, insists that her discharge of Markham arises solely out of her contract, and can extend no further than the express provision of the contract will permit. But while Markham was discharged from his liability by the contract, the discharge of Allen and Porter arises as a necessary legal result from the satisfaction by and discharge of their joint tort-feasor.

When Markham was discharged, the action as to them was barred as matter of law, and no contract between plaintiff and Markham can prevent the legal effect of his satisfaction. This precise proposition is decided by the Court of Appeals of Virginia in *Ruble* v. *Turner* (2 Hen. & Munf., 38). In that case it appeared that the plaintiff having sued three for a joint assault and battery upon him, afterwards and pending the suit made a stipulation in the action, not under seal, acknowledging from one defendant a consideration for which he released him. The stipulation continued, " provided this shall not be considered as any satisfaction in favor of " the other defendants. The court held that the satisfaction was a dis-

charge of liability and barred the action against all by necessary intendment of law, and that the proviso was void.

The case was cited to the same point by ALLEN, J., in Barrett's case (45 N. Y., 635). In *Gunther* v. *Lee* (*supra*) the release was under seal, but it contained a proviso similar to the one quoted above which the court held to be void as inconsistent with the legal effect of the release. *Ruble* v. *Turner* is cited and followed.

It follows that the discharge of Markham operated to release the liability of Allen and Porter, and the supplemental answer contained a defense and should have been allowed.

The orders must be reversed, with ten dollars costs of this appeal and disbursements for printing to each appellant, and leave granted to defendants to serve supplemental answer on payment of costs of action to time of motion, and ten dollars costs of motion with leave to plaintiff to discontinue in twenty days in case supplemental answers are served.

LEARNED, P. J., and OSBORN, J., concurred.

So ordered.