CHARLOTTE NEHRBOSS et al., Appellants, *v.* SETH P. BLISS et al., Respondents.

The legal title to a judgment recovered in an action brought by the surviving member of a firm, in his name as survivor, is in the plaintiff the same as if the cause of action had stood in his own right.

Where, therefore, one claiming to redeem lands sold under execution delivered to the sheriff a certified copy of the docket of a judgment in which he, as survivor of himself and another named, was described as plaintiff, and also an affidavit to the effect that he was the owner and holder of the judgment mentioned in the copy of the docket, and that there was due thereon an amount specified. *Held,* that the papers were sufficient under the Code of Civil Procedure (§ 1464), to entitle him to redeem ; that it was not necessary to present any assignment of the judgment to himself, or to add to the statement in the affidavit any words showing his identity with the judgment creditor, as he appeared upon the face of the papers to be the owner of the judgment.

(Submitted March 24, 1882 ; decided April 11, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 5, 1881, which reversed a judgment in favor of plaintiffs, entered upon the report of a referee.

This action was brought by plaintiffs to set aside a deed executed by defendant, Lewis, as sheriff of the county of Niagara to defendant Bliss, and to compel said sheriff to execute a deed of the premises to plaintiffs.

The action was originally brought by John Nehrboss, who died after entry of judgment on the report of the referee, and

the present plaintiffs, his heirs at law, were substituted in his place.

The premises in question were originally owned by John Batt and Xavier Batt; they were sold March 12, 1879, under and by virtue of two executions against said owners, and were bid off to said John Nehrboss. On June 12, 1880, defendant Bliss, for the purpose of redeeming, paid the amount requisite to comply with the statute, and delivered to the sheriff a transcript duly certified of the judgment upon which he sought to make the redemption. The docket of judgment showed that "Seth P. Bliss, as survivor of himself, and Jerome Pierce, deceased," recovered a judgment against said John and Xavier Batt. Subjoined to the copy of judgment was an affidavit, the body of which is as follows:

"Seth P. Bliss, being duly sworn, says that he is the *owner* and *holder* of the judgment mentioned in the foregoing copy of docket of judgment, and that there is due and remaining unpaid on said judgment the sum of $3,087.05 this 12th day of June, 1880." The sheriff thereupon on June 14, 1880, executed to Bliss a deed of the premises.

The referee held that the affidavit was insufficient in form, and that it was at variance with the requirements of the statute, as it did not describe the affiant as the plaintiff in the action described in the transcript.

*Joseph V. Seaver* for appellants. Seth P. Bliss cannot redeem unless he shows the transfer of the judgment to him. (Code of Civil Proc., §§ 1463, 1464; *People* v. *Ransom,* 2 N. Y. 490; *People* v. *Becker,* 20 id. 354; 4 Wait's Pr. 101–105; *Hall* v. *Thomas,* 27 Barb. 55.) A strict compliance with the statute is required in this proceeding. (*B'k of Virginia* v. *Warren,* 7 Hill, 91; *People* v. *Covell,* 18 Wend. 598; *People* v. *Sheriff of Broome Co.,* 19 id. 87; 4 Wait's Pr. 105; *Wood* v. *Moorehouse,* 45 N. Y. 368; *Merritt* v. *Jackson,* 1 Wend. 46; 7 Hill, 91; *Phillip* v. *Shaefer,* 64 Barb. 548; 7 Lans. 347; 2 Hill, 51; 7 id. 174; *Waller* v. *Harris,* 7 Paige, 167; *Smith*

v. *Miller*, 25 N. Y. 691; *Gilchrist* v. *Comfort*, 34 id. 235; 3 Wait's Pr. 94, 95; *B'k of Monroe, ex parte*, 7 Hill, 177; *Weller* v. *Harris*, 7 Paige, 167; *Smith* v. *Miller*, 25 N. Y. 619; *The People, ex rel. B'k of Monroe*, v. *Perrin*, 1 Hill, 75; 7 id. 77; *People, ex rel. Hammond*, v. *Covell*, 18 Wend. 597; *People* v. *Ransom*, 2 N. Y. 490; *Ex-parte Newell, Rec'r, etc.*, 4 Hill, 609; 19 Wend. 87; *Ex parte Shumway*, 4 Denio, 21; *Ex parte Aldrich*, 1 id. 662; *People, ex rel. Cook*, v. *Becker*, 20 N. Y. 354; *Ex parte the Peru Iron Co.*, 7 Cow. 539; *Dickinson* v. *Gilleand*, 1 id. 481; *Ex parte Raymond*, 1 Denio, 272.)

*Geo. Wing* for respondents. The statute in regard to the redemption from sales of real estate upon execution should be liberally construed, because the object of it is: *First.* "To relieve the judgment debtor by preventing the sacrifice of his real estate at sheriff's sale." *Second.* "To enable creditors, other than the plaintiff, after a sale on execution, to satisfy their debts by redeeming, when the property has been sold below its value." (*Van Rensselaer* v. *Sheriff*, 1 Cow. 510; *People* v. *Ransom*, 2 Hill, 51; *Ex parte Newell*, 4 id. 610; *People* v. *Fleming*, 4 Denio, 144; *Aylesworth* v. *Brown*, 10 Barb. 171; *Ellsworth* v. *Muldoon*, 46 How. Pr. 248.) The papers presented by Seth P. Bliss were sufficient to entitle him to redeem. It was not necessary for him to present an assignment of the judgment to him, or to add any thing showing him to be the judgment creditor. (Code Civil Proc., § 1464; *Adams* v. *Hacket*, 27 N. H. 292; *Slipper* v. *Stidstone*, 5 D. & E. 493; *French* v. *Andrade*, 6 id. 582; *Golding* v. *Vaughn*, 2 Chitty, 436; *Richards* v. *Howther*, 1 B. & Ad. 29; *Smith* v. *Barrow*, 2 D. & E. 476; *Murray* v. *Mumford*, 6 Cow. 441, 442; *Daly* v. *Errickson*, 45 N. Y. 786; *Hatcher* v. *Rechelan*, 18 id. 86; *People* v. *Smith* 45 id. 772; *Smith* v. *Miller*, 25 id. 624; *Ex parte Newall*, 4 Hill, 610; *People* v. *Ransom*, 2 id. 51; *People* v. *Fleming*, 2 N. Y. 484; *People* v. *Beebe*, 1 Barb. 381; *Muir* v. *Leitch*, 7 id. 351; *Aylesworth* v. *Brown*, 10 id. 167;

*Ellsworth* v. *Muldoon*, 46 How. Pr. 246.)   If Bliss regularly redeemed from the sale under the Bain & Shaler judgments, then this action cannot be maintained, no matter what effect it may have upon the liens of the plaintiff, which were subsequent to said judgments.  (*Hetzel* v. *Barber*, 69 N. Y. 10 ;  *Woods* v. *Moorehouse*, 45 id. 368;  Code of Civil Procedure, §§ 1468, 1471.)   The certificate of redemption provided for by section 1469 of the Code was in proper form.  (*Phillips* v. *Schiffer*, 64 Barb. 548 ;  Code of Civil Procedure, § 1468 ;  *Livingston* v. *Arnoux*, 56 N. Y. 507.)   The sheriff had no authority to execute a conveyance to any one else than Bliss.  (Code of Civil Procedure, § 1472.)

DANFORTH, J.   The appellants concede that the only question raised upon the trial was as to the effect of the papers filed for the purpose of redemption.   And the precise objection, as indicated by the points submitted by the learned counsel in support of this appeal, is that Seth P. Bliss is described therein as the redeeming party without words indicating that he is the survivor of himself and Pierce, as he is named in the judgment record under which he sought to redeem.

The proceedings are statutory, and it is to be conceded that words cannot be added to or omitted from the statute for any purpose, but on the contrary its language is to be construed strictly.   The defendant claimed the right to redeem under section 1464 of the Code of Civil Procedure.   He was, therefore, required to file in the county clerk's office, or deliver to the sheriff as evidence of his right ; *first*, a copy of the docket of the judgment under which he claimed the right to redeem ; *second*, if that right depends upon any assignment of the judgment, it must also be filed, etc. ;  and *third*, an affidavit made by him stating truly the sum unpaid upon the judgment

The copy of docket furnished by the respondents described a judgment in which " Seth P. Bliss, as survivor of himself and Jerome Pierce, deceased," is plaintiff.   It was accompanied by no assignment or other paper, save an affidavit attached thereto, which, so far as material to our present inquiry, is in these words:

" Seth P. Bliss, being duly sworn, says that he is the owner and holder of the judgment mentioned in the foregoing copy of docket of judgment, and that there is due," etc. Upon the death of Pierce, the legal right under the firm contracts or causes of action, and the sole right to collect the partnership debts, remained in the survivor ( *Viner's Abr., Partners D. ; Lindley on Partnership*, vol. 1, *p.* 505 ; *Voorhis* v. *Childs' Ex'r*, 17 N. Y. 354), and vested so effectually that upon his death it would have devolved upon his personal representative, and he alone could sue upon it. (1 *Williams on Exr.* 1585 ; *Copes* v. *Fultz*, 1 *Sm. & Mar.* 623.) So if Bliss died after judgment, redemption could have been had under section 1466 by the executor or administrator of Bliss.

The right to the cause of action, and to sue therefor, came to Bliss by survivorship, and that is indicated in the title of the judgment. But so completely was it vested that a demand against him in his own right might have been set off in diminution of his claim as surviving partner (*Slipper* v. *Stidstone*, 5 Term Rep. 493), and conversely (*French* v. *Andrade*, 6 id. 582). It follows, therefore, that as surviving partner, he might join in one action a count for a debt due him in his own right, and one due him as survivor. (*Adams* v. *Hackett*, 27 N. H. 289.) Or a plaintiff in an action charging him in his own right, might recover a demand due from him individually, and another due from him as surviving partner. (*Richards* v. *Heather*, 1 B. & Ald. 29.) Therefore, although the action was in his name as survivor, it was his own, and he had the legal title to the judgment, as much so as if the cause of action had stood in his own right. (*Kemp* v. *Andrews*, 1 Showers, p. 188, case 138 ; *Murray* v. *Mumford*, 6 Cow. 441 ; *Daby* v. *Ericsson*, 45 N. Y. 786.) Consequently it was not necessary for him as redeeming creditor to present any assignment of the judgment to himself, or add to the statement in the affidavit any other words showing his identity with the judgment creditor. He was in law the owner of the judgment, and appeared to be so on the face of the papers. No other point needs consideration. The redemption, for aught that now appears, was made according to the

letter of the statute, and the order appealed from should be affirmed with costs, and judgment absolute rendered in favor of the defendants and against the plaintiffs, pursuant to their stipulation.

All concur, except TRACY, J., who does not vote.

Order reversed and judgment affirmed.