## FREDERICK A. SHALE AND FREDERICK S. MINGES, PLAINTIFFS, *v.* HENRY SCHANTZ, DEFENDANT.

*Survival of action for slander brought by partners — when the action does not abate by reason of the death of one of the partners.*

An action brought by the members of a firm, to recover damages for an alleged slander relating to the financial condition and credit of the firm, does not abate by the death of one of the plaintiffs during its pendency. The entire cause of action vests in the surviving plaintiffs and the action may be prosecuted by them.

MOTION by the plaintiffs for a new trial on exceptions taken at the Monroe Circuit, and ordered to be heard in first instance at General Term.

This action was commenced by the present plaintiffs Shale and Minges and one Joseph Schantz, who were partners engaged in the business of manufacturing and selling furniture and cabinet-ware at the city of Rochester in the firm name of Schantz, Minges & Shale. The cause of action alleged is slander relating to and affecting the financial condition and credit of the plaintiffs as a firm. After the issue was perfected the plaintiff Schantz died. That fact appearing at the trial the complaint was dismissed on the ground that the cause of action abated on and by reason of the death of one of the plaintiffs. The plaintiffs excepted.

*Thomas Raines*, for the plaintiffs.

*James Breck Perkins*, for the defendant.

BRADLEY, J.:

The slander and injury resulting as alleged in the complaint, related to and affected the business of the plaintiffs as a firm only, and several instances are specified in which they as such suffered in

their business credit in consequence. of the imputations made by the alleged words so spoken by the defendant. The complaint charges a cause of action which properly joined the partners as plaintiffs. (*Cook* v. *Batchelor*, 3 Bos. & Pul., 150; *Haythorn* v. *Lawson*, 3 Carr. & P., 196; *Taylor* v. *Church*, 8 N. Y., 452.)

If the action had been brought by a sole plaintiff who had died during the pendency and before verdict, the action would have then abated. On the part of the defendant it is contended that the death of one of the plaintiffs produced a dissolution of the partnership, that the firm then ceased to exist; and therefore the practical effect is the same as that produced by the death of a sole plaintiff. The question is novel and must be disposed of on principle deemed applicable to the nature of a partnership and the relation of the surviving members to it. If it may be said that a firm as such, has an existence in the legal sense distinct from its members, that the right of action depends upon the continuance of such entity, and that by the death of one of its members that entity disappears, then a reason can be seen for the result given at the circuit. In such case there would remain no plaintiff to prosecute the action and it would necessarily abate. But on the death of one of several members of a partnership no personal representative takes his place in respect to the partnership property. He, by the event, is taken out of the firm and a dissolution is the consequence, but practically the dissolution has relation only to subsequent business transactions to a qualified extent. While the agency in the surviving members is so qualified that they cannot create any new obligations or liabilities, their relation to the situation in which the death of the member left the property and business, enables them respectively to manage and control its affairs as fully and completely as before.

At law it is theirs, and by them the property may be sold, debts of the firm paid, and those due it collected. And for all things necessary to be done for those purposes the partnership condition and relation continue until they are accomplished. (Collyer on Part., §§ 118, 546; *Houser* v. *Irvine*, 3 .Watts & Serg., 345; 38 Am. Dec., 768; *Murray* v. *Mumford*, 6 Cow., 441; *Robbins* v. *Fuller*, 24 N. Y., 570, 574; *Butchart* v. *Dresser*, 4 De G., M. & G., 542, 544.)

The joint relation of the survivors is not broken into a tenancy

in common by such death, nor are their relation and equities impaired by it. The property of the firm does not, nor do any rights of action in respect to its matters pass to any representative of the partnership. It and all the then existing rights of the firm *continue* in the survivors, and are theirs at law the same as they had been prior to the death of the one member; the property and rights of all united. And to that extent, and for all practical purposes limited as before mentioned, it may be said that the place prior to that event filled by the three is after such death occupied by the two survivors. (*Adams v. Hackett*, 27 N. H., 289; 59 Am. Dec., 376; *Nehrboss v. Bliss*, 88 N. Y., 600, 604.) The title and rights of the survivors are original and complete in them. The law recognizes no distinction between a debt due the survivors in their own right and as surviving partners. They may join in the same action a claim due them independent of it, with one arising out of the partnership business; and in an action to recover the latter alone the party sued may set off a debt due him from them having no relation to the transactions of the firm. (Collyer on Part., § 764; *Holbrook v. Lackey*, 13 Met., 132, 134; *Nehrboss v. Bliss*, 88 N. Y., 604.) The relation of the surviving plaintiffs to the action is in no sense that of representatives or assignees of the firm as distinguished from the firm itself. The cause of action is theirs, deemed originally theirs, and continues to be such. They in law are principals and owners in respect to the matters of the partnership by virtue of their relation as partners and because they are survivors. Their rights in that respect are not derivative or representative. The right of action in question was in the firm. The death of the member neither vests any rights in the survivors, nor does it divest them of any rights of property or action then existing. In the prosecution of this action they are exercising no new or derived powers, and asserting no new or additional rights. (*Adams v. Hackett*, 27 N. H., 289; 59 Am. Dec., 376, 377.)

It is difficult to see anything in the way of the commencement by these plaintiff's of the action after, if it had not been instituted before, the death of their associate. And that would seem to follow if they can continue to prosecute this one, but it is unnecessary here to assert that proposition and we do not. The contingent interest of the personal representative of the deceased partner in the assets

of the firm is entitled to no consideration here. That right, such as it is, can arise in equity only, and is dependent upon the residue after payment of the partnership debts and winding up of its affairs, when the surviving partners may be treated as trustees if anything remains and may be required to account. This is an action at law where no such representative relation in respect to the property or rights of action of the firm will be recognized. And it is in equity only that an entity of a partnership distinct from its members is recognized. (1 Story Eq. Jur., § 680; *Walker* v. *Wait*, 50 Vt., 668; *Seighortner* v. *Weissenborn*, 20 N. J. Eq. [5 C. E. Gr.], 172; *Cole* v. *Reynolds*, 18 N. Y., 77.)

The view taken of this case is that the entire cause of action is in the surviving plaintiffs, because it was in the firm. That there has been no demise requiring revival of the action, but they are the beneficial parties plaintiff, and the action proceeds for their benefit. (Code Civ. Pro., § 758.)

In *Dyckman* v. *Allen* (2 How., 17), cited by the defendants' counsel the plaintiffs were tenants in common and a different rule in such case prevailed. (*Zabriskie* v. *Smith*, 13 N. Y., 322, 337, 338.)

These views lead to the conclusion that the action is still pending and that a new trial should be granted, costs to abide event.

HAIGHT and CHILDS, JJ., concurred.

Motion for new trial granted, with costs to abide the event.