Danforth, J.
This case differs essentially from the case of Stewart v. These Defendants, ante, 117, and from that of Delamater v. The Same, ante, 123, and especially because in the former there was no claim that the executors of Colwell became partners with Hepworth, and in the other there was an explicit declaration that no such relation existed, whereas, in the present case, it is made a distinct ground of right to a recovery that the business was conducted by . “ Samuel S. Hepworth and the said executors as co-partners, under the firm name of S. S. Hepworth & Co.,” from the time of the death of Colwell down to October 4,1887. Indeed the plaintiff’s case rests upon the truth of this allegation. His claim is “ that a valid partnership was formed which continued until the failure of S. S. Hepworth & Co.; that the executors were partners in that company after they qualified; that a certain mortgage given by Hepworth, as surviving partner, to the executors, was invalid because the estate of Colwell was liable for the debts of the firm and for other reasons; that certain instruments, assignments, mortgages, etc., given by Hepworth, are invalid; that, therefore, the plaintiff is entitled to a decree establishing the lien of his judgment as superior to these incumbrances.”
The plaintiff sues as receiver, appointed upon an application made in supplementary proceedings by certain creditors of S. S. Hepworth & Co., who had recovered judgment against Hepworth .and the executors as copartners, in actions nominally against them all, but in which the summons was served upon Hepworth alone. The defendants answered, and upon trial of the issues at special term the complaint was dismissed, and upon appeal by the plaintiff to the general term the judgment of the special term was .affirmed.
The appellant’s argument rests mainly upon the clause in the supplemental contract between Colwell- and Hepworth, which is set out fully in the Stewart Case, supra, and especially upon that part of it which provides “ that the estate of the deceased should share in the profits and losses as he would have done.” In view of our recent decision (ante, 117) in the case of Stewart v. Robin *197 son, we think it necessary to consider only, and that briefly, the second point made by the learned counsel for the appellant, viz.: “ That technically under the law of partnership the Arm of S. S. Hepworth & Co., existing at the time of the decease of Mr. Col-well, was dissolved and a new firm formed, in which the executors of Colwell in their representative capacity became partners.” It is undoubtedly the fact that the death of Colwell dissolved the firm of S. S. Hepworth & Co. Hepworth, from that moment, as surviving partner, became in the eye of the law the sole and absolute owner of its assets. He, and not Colwell’s representatives, was the one to wind up the concern, to sue and to be sued, to pay the debts of the firm, and do all other acts in any way relating to it. Nehrboss v. Bliss, 88 N. Y., 600. He was bound to account for the proceeds, and so the estate of the deceased partner was liable on all antecedent engagements.
The dissolution had respect to the future, however, and the estate was not liable for debts thereafter contracted. Indeed this action does not proceed upon the theory that it was. It is put in motion upon the ground that a new firm was formed, of which the executors were members. The testator did not so ordain either by will or contract. His agreement for the continuance of the business and a distribution of profits to his estate did not amount to that, Holme v. Hammond, L. R., 7 Ex., 218, nor did the executors agree to such arrangement. They did not act as partners. They dealt with the surviving partner as others might have done. They loaned him money; they took security for its repayment from him, he acting, as he had a right to do, as surviving partner. The . estate of Colwell had a pecuniary interest in the winding up of the concern, and as that period did not exceed the limitation of five years from then- testator’s death, they were not required to interfere. They might do what they could to promote its successful termination. In fact they did nothing more; they interfered neither with the business, nor its management. There is nothing to show that any relation of principal or agent existed between them, or that there was any contract of co-partnership, or that they so conducted, that even as to third parties they constituted themselves partners.
We find nothing within the record to give any color to the plaintiff’s assertion that “ the executors of Colwell, in their representative capacity, became partners ” with Hepworth.
First The agreement between Hepworth and Colwell provides only that, upon the death of either, “the business shall be continued by the survivor.” It excludes the idea that the representatives of the partner dying shall come in, or that a new firm shall be formed, or that the place of the decedent shall, in any sense, be filled. His death, the agreement suggests, may throw a greater burden on the survivor, and in that case “the survivor, if he thinks it necessary, may employ an additional clerk.” Such is the contract. Greater clerical and subordinate force, a new employee, but neither a new principal nor associate. There is nothing in the agreement, therefore, which continues the partnership, or calls for a new one.
*198 Nor is there any force in the observation that the estate is to share in the profits and losses of the continued business. The agreement does not involve the general assets of the decedent, but is confined to that specific portion which, by the partnership articles, is devoted to it. Stewart v. Robinson, supra. No additional fund is appropriated from the effects of the deceased partner. The fund reserved from his property by contribution to the firm, in its original formation, remains. It is neither enlarged nor diminished. The plaintiff's, therefore, derive no aid from the agreement. Their action is net against the survivor, nor do they pursue any fund within his control
Second. They proceed against parties whom they describe as constituting “the said second firm” of S. S. Hepworth & Co., composed, as they allege, of “S. S. Hepworth and the executors of Colwell,” charging them with continuing the business, and asserting that the debt sought to be recovered was by them contracted. As these allegations have no support in the agreement to which Colwell was a party, neither are they sustained by any evidence of an express agreement, or of conduct on the part of the defendants from which such an agreement may be implied. To make out them case two witnesses were called by the plaintiffs — Hep-worth and Bobinson — both defendants. No other witness to any point is'produced, and both of these, upon examination by plaintiffs’ counsel, deny every fact to which their attention is called, and the existence of which, if proven, would, as assumed by the plaintiffs, have a tendency to make out the case stated in the complaint. The failure of proof was so complete that the trial judge would have erred had he not dismissed the case as one wholly without support
I have examined the authorities cited by the learned counsel for the appellant and find no one which supports his contention. In every case where the plaintiff has not established a contract of partnership, the action has. failed and the decision has been that the defendant was not liable. It is not to be denied that a man may, by covenant, bind his representatives and charge his estate. In this case he has not done so. Nor have his representatives made the contract of partnership upon which the plaintiffs rely. Neither legal nor equitable considerations require that the judgment appealed from should be disturbed.
It is, therefore, affirmed, with costs.
All concur, except Earl, J., not voting.