WILLIAM T. SMITH and RICHARD C. FIELD, Respondents, *v.* GEORGE D. FERGUSON, Individually and as Sole Surviving Partner of the Firm of GEORGE D. FERGUSON & COMPANY, Appellant.

*Pleading — note of a surviving partner given for the amount of a partnership claim — a complaint setting forth a cause of action upon the original claim and on the note is good.*

A complaint which alleges a sale and delivery of goods to a firm, the death of one member thereof, and the continuance of the defendant as sole survivor, and the execution and delivery of a promissory note by such defendant after the death of his copartner for the amount of the claim, and which demands judgment for the amount of the claim and interest and costs, states a good

cause of action upon the original demand for the value of the goods sold, and the fact that, in form, it is against the defendant individually and as sole surviving partner, creates no obstacle to a recovery — the defendant in such a case having the legal title to the partnership property, and being bound to account therefor to its creditors as well as being individually liable to pay its debts.

APPEAL by the defendant, George D. Ferguson, as sole surviving partner of the firm of George D. Ferguson & Company, from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 26th day of February, 1898, upon the verdict of a jury rendered by direction of the court, as awards judgment against him as sole surviving partner.

*Roger M. Sherman,* for the appellant.

*Percival C. Smith,* for the respondents.

HATCH, J.:

The complaint sets out a cause of action for goods sold and delivered by the plaintiffs to the firm of George D. Ferguson & Co., consisting of the defendant and Dorothy Ferguson. It also averred the death of the latter and the continuance of the defendant as sole survivor. It further averred the execution and delivery of a promissory note by the defendant to the plaintiffs for the amount of the bill, after the death of Dorothy, the non-payment of said note at maturity, and demanded judgment for the amount of the bill, interest and costs. These averments constituted a good cause of action for goods sold and delivered, and the demand for judgment is in harmony therewith. The action is, therefore, to be treated as one upon the original demand for the value of the goods sold, and upon the proof a recovery is authorized therefor. (*Patterson* v. *Stettauer,* 8 J. & S. 54.) The debt existed, and the note only operated to extend the time of payment. (*Jagger Iron Co.* v. *Walker,* 76 N. Y. 521.) The defendant might, perhaps, have insisted upon the production and delivery of the note into court, but no such question was raised and no demand therefor was made. In form, the action was against the defendant individually and as sole surviving partner. This creates no obstacle to a recovery. When the defendant became the surviving partner, he took the legal title to the partnership property. (*Williams* v. *Whedon,* 109 N. Y. 333; Pars. Part. [4th ed.] § 345, and note, p. 437.) He became liable to

account to the creditors for all of the property of the partnership, and, in addition, was individually liable to pay the debt. An action might have been maintained against him without any suggestion of the partnership, and a recovery had. Such has always been the rule. (*Goelet* v. *M'Kinstry*, 1 Johns. Cas. 405; *Grant* v. *Shurter*, 1 Wend. 148.) The cause of action against him as surviving partner could also be joined with one against him as an individual. (*Kent* v. *Crouse*, 5 N. Y. St. Repr. 141; *Nehrboss* v. *Bliss*, 88 N. Y. 600.)

Such being plaintiffs' legal rights, it is clear that they could maintain the action as it was brought. The court, acting within its legal right, could have granted judgment against the defendant individually, as well as against him as surviving partner. In fact, while the relation is dual in a sense, it is so in form only, as the effect of directing judgment against the defendant as a surviving partner is to permit of the enforcement of the same, not only against the property of the partnership, but against individual property as well. There exists no basis for any legal complaint in what has been done.

The judgment should, therefore, be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.