# Cases

DETERMINED IN THE

# FIFTH DEPARTMENT

53 | 67
119a | 46

AT

## GENERAL TERM,

### June, 1889.

---

PITTSBURG CARBON COMPANY (LIMITED), APPELLANT, *v.* FRANK C. McMILLIN, AS RECEIVER OF THE UNITED CARBON COMPANIES, RESPONDENT.

*Illegal combination among corporations — rights of a receiver of the assets of the combination to enforce the illegal agreement as against one of the combining corporations.*

A manufacturing corporation which, with other corporations engaged in the same business, has entered into an agreement that the business of all the companies shall be exclusively managed and directed by one person, and has, during the continuance of such agreement, sold certain manufactured articles which, by the terms thereof, were to be considered as sold on behalf of all the parties to such agreement, cannot set up, as against a receiver of the assets of the several combined companies, that the agreement thus entered into was invalid, and that, therefore, such receiver is not entitled to collect the purchase-money of the articles so sold.

Such receiver represents primarily the creditors of the insolvent combination, as well as the combination itself, together with the stockholders and parties who may be interested in the payment of its debts, and the court may properly interpose, in such case, to save whatever property there may be belonging to the combination for the protection of its innocent creditors.

APPEAL by the plaintiff from a judgment, entered upon a decision in favor of the defendant, rendered at a Special Term of the Supreme Court, held in Erie county, which judgment was entered in the office of the clerk of the county of Erie on the 23d day of November, 1888.

*C. S. Crosser*, for the appellant.

*Ansley Wilcox*, for the respondent.

MACOMBER, J.:

This appeal presents questions arising upon exceptions only, and not upon the case. Prior to the 1st day of March, 1887, the plaintiff had a contract for supplying the Brush Electric Light Company of Buffalo with certain electric light carbons as they should be required. In the month of March, 1887, the plaintiff, together with eight other companies manufacturing electric light carbons, entered into an agreement by which the business of the nine companies should be exclusively managed and directed by one Edward C. Hawks. Between the 30th day of April, 1887, and the 27th day of June, 1887, the plaintiff furnished to the Brush Electric Light Company electric light carbons, in several installments, at a contract-price of $1,080, which sum, at the time of the beginning of the action, was unpaid. Hawks was subsequently superseded, as the manager of this trust or combination, by one D. A. Dangler, of Cleveland, Ohio. From this time to the appointment of the defendant as receiver, the combination or organization of said nine companies was known as the United Carbon Companies. In the month of June, 1887, the plaintiff notified the Brush Electric Light Company of Buffalo that it should no longer continue its combination or relation with the other companies after the first day of July of that year, and subsequently claimed that the Brush Electric Light Company of Buffalo should pay directly to the plaintiff, and not to the trustee or agent of the several combined companies, the amount owing by it for the electric light carbons.

Payment not being made, this action was brought. The defendant McMillin was appointed receiver of the United Carbon Companies by a court of competent jurisdiction in the State of Ohio, upon the ground that, as an organization or combination, it was insolvent, owing a large number of debts. Such receiver also brought an action against the Brush Electric Light Company, to recover for the same cause of action stated above, whereupon the two actions were consolidated and the receiver made the defendant in place of the Brush Electric Light Company, upon the latter depositing the amount claimed against it by the present parties to this action.

The principal argument advanced by the counsel for the appellant is based upon the proposition that, inasmuch as the original combination or trust of the nine manufacturing companies was an

illegal combination, no action by the receiver of such combination can be maintained to enforce any liability to it.  It seems to us, however, that the plaintiff is not in a position which will enable it to assert, successfully, the invalidity of the original illegal contract and thus prevent the payment to the receiver of such combination of the debts justly due to it.  The receiver represents, primarily, the creditors of the insolvent combination as well as the combination itself, together with the stockholders and parties who may be interested in the payment of the debts.  He is empowered to recover the assets of the combination wherever they are to be found. In him are united all the rights of the creditors and of the parties interested in the combination.  This combination or trust, so-called, was a combination of several incorporated companies or copartnerships, and was itself a copartnership composed of such companies.

Though its general purpose was unlawful under the common law, as administered alike in Ohio and New York, yet the court is not powerless, when set in motion, to interpose its hand and save whatever property there may be in the copartnership for the protection of innocent creditors.  The plaintiff cannot take advantage of its own participation in this wrong and deny its liability to any of the creditors, to which the combination, if it had been a lawful body, would have been liable.  Each company, composing the trust or consolidated copartnership, was separately liable to all creditors of the trust for the payment of its just debts.  Any one of the creditors represented by this receiver could have maintained an action against this plaintiff, or against any other member of the concern as a copartner, to recover whatever indebtedness the copartnership owed to him.  The creditors of the trust are not in any sense *in pari delicto* with the several contracting companies.

Under these circumstances, the receiver stands in a light much more favorable than the combined copartnership of which he was appointed receiver, for the simple reason that he is charged with the duty of distributing the assets among the lawful creditors of the concern.

The judgment should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.