## GRAY *v.* DE CASTRO & DONNER SUGAR REFINING CO. *et al.*

*(Supreme Court, General Term, First Department. July 18, 1890.)*

**CORPORATION—DISSOLUTION—INJUNCTION.**

In an action by the receiver of one of the corporations in the combination known as the "Sugar Trust," to dissolve the combination, an injunction restraining defendants from disposing of the property and effects of the corporation, of which plaintiff is receiver, is properly granted on a showing that, if the combination is finally held unlawful under the laws of the state, then its property and effects will be removed from the state. Such injunction, however, should not extend to other property of the combination.

Appeal from special term, New York county.

Action by Henry Winthrop Gray, as receiver of the North River Sugar Refining Company, against De Castro & Donner Sugar Refining Company and others. From an order of March 7, 1890, granting plaintiff a temporary injunction, John E. Searles, Jr., one of the defendants, appeals. For former report, see 8 N. Y. Supp. 237.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Elihu Root* and *John E. Parsons,* for appellant. *Platt & Bowers, (John M. Bowers* and *De Lancey Nicoll,* of counsel,) for respondent.

DANIELS, J. This action has been brought to dissolve the combination or partnership held to have been unlawfully formed and maintained as a trust

for the manufacture and sale of syrups and molasses, and the refining and sale of sugars. It was formed or created under a deed or contract entered into in the latter part of the year 1887. The North River Sugar Refining Company, which was a corporation formed under the laws of this state, became one of the associates in the combination; and for that reason it was considered to have forfeited its charter, and become liable to be dissolved in an action brought for that object by the attorney general. 3 N. Y. Supp. 401. And that decision has been affirmed by this general term. 7 N. Y. Supp. 406.[1] And, as a legal result of the decision, a receiver was appointed of the property and effects of that corporation. The receiver has now brought this action to dissolve the combination itself, as a partnership in which the North River Sugar Refining Company became a partner, and for the appointment of a receiver of its property, rights, and good-will, with power to dispose of the same, and to collect all its debts and assets; and the injunction now brought before the court has been issued to promote that end. By its terms, the defendants, and all persons acting for and under them, have been restrained until the further order of the court from in any manner parting with any of the assets, property, or moneys coming into their hands under the trust deed or agreement; and in support of it the affidavits disclose a probability that, in case the combination or association shall finally be held to be unlawful under the laws of this state, then its property and effects will be removed from the state, and its business carried on under a charter already obtained in Connecticut for that object. And that probability has been sufficiently established to sustain the injunction, so far as it will affect and preserve the property to which the plaintiff has become entitled in his capacity as receiver.

But that is by no means all the property, effects, and money of this combination. It is no more than the property of the North River Refining Company, and of the shareholders of that company, whose rights are represented by the receiver. There are no creditors of the corporation to be represented or protected by the action of the receiver; and no indisposition exists on the part of the sugar trust to pay the shareholders of the sugar refining company their respective proportionate parts of the earnings of the sugar trust. And they have not yet invoked or desired the assistance of the receiver for their protection in this respect, and no necessity has been shown for his intervention in their behalf. Over the property rights and interests of other shareholders, not deriving their rights or shares under or for the shares of the North River Sugar Refining Company, the receiver is without authority. His appointment did not extend to or include those rights or shares, but only those represented by, or substituted for, the shares of the North River Sugar Refining Company, and the property of the company itself. The injunction was accordingly unauthorized so far as it included the other property, shares, and rights of the sugar trust or combination. In no event could they be administered by him, or be brought within his control. But the utmost extent to which he, in any event, would be entitled to proceed or extend his authority is the possession and disposition of the property and effects of the North River Sugar Refining Company, and including the interests of the shareholders of that company, if that shall become necessary, now represented by the shares of the sugar trust combination; and, as already observed, these shareholders are now in no manner dependent on his interposition or assistance. There is but one description of property, therefore, which can at this time be regularly brought within the range or protection of an injunction at the suit of this receiver; and that is the property and effects of the North River Sugar Refining Company. And as to that the injunction may very well be sustained without deciding the point of illegality upon which so much stress has been made for the complete support of the appeal. For that purpose the case of

<hr/>

[1]Affirmed by court of appeals, 24 N. E. Rep. 834.

*Carbon Co.* v. *McMillin*, 6 N. Y. Supp. 433, is an authority, although not entirely decisive of this controversy. Whether the deed or agreement under which the trust has been formed can be annulled, and an accounting of its operations secured, may better be relegated to the trial of the action than considered with any degree of particularity at this time. In the mean time all the corporate property of the North River Refining Company should be retained in this state, and subject to the control of this court; and the injunction should be restricted and modified to that extent, and, as modified, affirmed, without costs of this appeal; and the same order should be made in the appeals of Julius A. Strusburgh and others. All concur.