JOHN T. WILLIAMS et al., Appellants, *v.* GEORGE M. WHEDON, as Survivor, etc., Respondent.

Upon the death of one member of a copartnership the surviving members become the legal owners of the assets, and have the exclusive right to sell, mortgage and dispose of them in the performance of their duty of closing up the affairs of the partnership. They do not take such assets as trustees, but as survivors holding the legal title, subject to the equitable right of the representatives of the deceased partner to have them applied to the payment of the firm debts, and to the distribution of any surplus. The time, manner and mode of paying the firm's indebtedness, however, is under the exclusive control of the survivors.

The rules regulating the distribution of the estates of deceased persons, have no application in the control of the affairs of an insolvent firm being administered by surviving partners.

A sole surviving partner, therefore, of an insolvent firm may make a general assignment of its assets for the benefit of its creditors, with preferences, and without the assent of the representatives of the deceased partner; and, in the absence of fraud, such an assignment cannot be disturbed by an unpreferred creditor.

(Submitted April 9, 1888; decided April 24, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made at the January Term, 1886, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*A. F. Baldwin* for appellants. It was incompetent and wholly irrelevant and immaterial to prove that the assignee's intention was innocent, honest and free from fraud. (*Griffen* v. *Marquet*, 17 N. Y. 29, 34; *Young* v. *Hermans*, 66 id. 374, 382; *Rathbone* v. *Platner*, 18 Barb. 272; *Wilson* v. *Forsyth*, 24 id. 106, 120; *Talcott* v. *Hess*, 31 Hun, 282, 284.) During the existence of the partnership relation each partner, as to all matters within the scope of the partnership dealings, is the agent of the firm, and has all authorities necessary for carrying on the partnership business, and all such as are usually exercised by partners in the business in which they are engaged, and has power, on behalf of the firm, to sell and dispose of the partnership property and effects for all purposes within the scope of the partnership. He may sell, mortgage, pledge or apply or dispose of the partnership effects for partnership purposes, and may assign the firm property as security for antecedent debts, and even transfer all the partnership effects directly to a creditor in payment or security of a partnership debt, although the ultimate effect may be to destroy the partnership, and to give to one creditor a preference over others. (Story on Part.

[2d. ed.] 152–164, §§ 101, 102; *Hitchcock* v. *St. John*, 1 Hoffm. Ch. 511, 517, 518; *Havens* v. *Hussey*, 5 Paige, 31, 32; *Everson* v. *Gehrman*, 10 How. Pr. 301, 304; *Haggerty* v. *Granger*, 15 id. 244, 249; *Weiter* v. *Schliefer*, id. 268, 274, 275; *Pettee* v. *Orser*, 18 id. 442, 450, 451; *Fisher* v. *Murray*, 1 E. D. Smith, 341; *Deming* v. *Colt*, 3 Sandf. S. C. 293; *Wells* v. *March*, 30 N. Y. 344, 350, 351; *Cooper* v. *Bowles*, 42 Barb. 87, 88, 89; *Evans* v. *Evans*, 9 Paige, 181, 182; Burrill on Assignments [3d ed.] 101, note 4; *Pratt* v. *Hunter*, 11 Weekly Dig. 300; *Bancroft* v. *Snodgrass*, 1 Cald. [Tenn.] 430, 431, 439, 443.) By the death of Renwick the partnership between him and Whedon was dissolved, and, thereupon, the partnership property and effects in possession became vested in Whedon and the representatives of Renwick as tenants in common. (Story on Part. [2d ed.] 517, 518, § 346; *Sage* v. *Wooden*, 66 N. Y. 580,) The authority of Whedon to bind his deceased partner, Renwick, and his representatives, ceased at Renwick's death, except so far as its existence and exercise were necessary to enable him to wind up and settle the partnership. (Story on Part. [2d ed.] 516, 517, 521, §§ 344, 346, 347; Id. 494, 495, 501, §§ 326, 328, 329; *Hart* v. *Crom*, 7 Paige, 37, 38; *Geortner* v. *Trustees*, 2 Barb. 625, 627–629; *Devan* v. *Fowler*, 2 Paige, 400, 401.) Partnership property and effects are in equity a trust fund for the payment of the partnership debts and liabilities, and the surviving partner a trustee thereof, being a trustee, Whedon, as survivor, could not make an assignment of the partnership property and effects to another person as trustee. (Story on Part. [2d ed.] 518, 539, 540, §§ 346, 360, 362; *Case* v. *Abel*, 1 Paige, 393, 396, 397; *Egbert* v. *Woods*, 3 id. 517, 521, 526; *Hutchinson* v. *Smith*, 7 id. 26, 27, 35, *Menagh* v. *Whitwell*, 52 N. Y. 169; *Skidmore* v. *Collins*, 8 Hun, 50, 54; *Hooley* v. *Ginn*, 9 Abb. N. C. 8; *Mill* v. *Argall*, 6 Paige, 577; *Evans* v. *Evans*, 9 id. 181, 182, note 1.)

*Wynkoop & Rice* and *James A. Robson* for respondents. The right of a debtor to assign his property to a trustee for

the benefit of creditors, giving preferences to one or more, has always existed at the common law, and has been recognized by the various statutes enacted regulating, limiting or restricting the operation or effect of instruments of assignments. (Bishop on Insolvent Debtors [2d ed.] 11, 12, § 7 id. 101, 102, § 104, id. 162, 163, 164, §§ 159, 169; *Thresher* v. *Bently*, 1 Abb. N. C. 39, 44; *People* v. *Chalmers*, 1 Hun, 683, 686; *Egberts* v. *Wood*, 3 Paige, 517; *Hutchinson* v. *Smith*, 7 id. 26.) Copartners may perform any act that an individual can, and make a general assignment preferring the claims of one or more creditors of the firm. (Bishop on Insolvent Debtors, 163, 164, § 160; *Palmer* v. *Myers*, 43 Barb. 509; *Dana* v. *Owen*, 54 N. Y. 646; *Mabbett* v. *White*, 12 id. 442; *Graser* v. *Stellwagen*, 25 id. 315; *Loeschigk* v. *Hatfield*, 5 Rob. 33; affirmed, 51 id. 660.) A surviving partner has the legal title to the firm property. (*Nehrboss* v. *Bliss*, 88 N. Y. 600; *Hutchinson* v. *Smith*, 7 Paige, 26; *Ferris* v. *Burroughs*, 34 Hun, 104.) He may make a general assignment of the assets of the partnership for the benefit of the creditors, giving preferences. (*Egberts* v. *Wood*, 3 Paige, 517; *Hutchinson* v. *Smith*, 7 id. 26; *Palmer* v. *Myers*, 43 Barb. 509; *Nelson* v. *Tenny*, 36 Hun, 327; *Williams* v. *Whedon*, 39 id. 98; *Haynes* v. *Brooks*, 42 Hun, 528; *Emerson* v. *Senter*, 118 U. S. 2; *Kirby* v. *Carpenter*, 7 Barb. 373; *Loeschigk* v. *Hatfield*, 5 Rob. 33; affirmed, 51 N. Y. 660; *Nehrboss* v. *Bliss*, 88 id. 600; *Daby* v. *Ericsson*, 45 id. 789; *Ferris* v. *Burroughs*, 34 Hun, 104; Bishop on Insolvent Debtors, 124, 125, § 120.) A surviving partner is not a trustee, but stands in the place of all the partners, in case of dissolution of the firm by causes other than death, and has every right and is charged with every duty of all. (*Shale* v. *Minges*, 35 Hun, 622; *S. C.*, 31 Alb. Law Jour. 447.)

RUGER, Ch. J. This action is in the nature of a creditor's bill against George M. Whedon, survivor of the firm of Whedon & Renwick, and J. Judson Cross, assignee, to set

aside a general assignment made by the survivor, and to reach and subject the assets, in the hands of the assignee, to the payment of the plaintiffs' debt. The plaintiffs, as judgment creditors of the survivor, claim that such assets have been fraudulently transferred by him, and that they are, therefore, entitled by virtue of their judgment and an execution returned unsatisfied thereon, to have such assignment annulled, and the proceeds of the property applied to the payment of their judgment.

It conclusively appeared in the case that not only the firm, but also the survivor, was insolvent and unable to pay the firm debts in full. No fraud in fact was proved upon the trial, and the sole ground upon which the action is sought to be supported, is the claim that the surviving member of a partnership, having no power to transfer its assets in trust for the benefit of creditors, and thereby create preferences among them, an attempted transfer thereof by him operates as a legal fraud upon the creditors generally. The theory upon which this contention proceeds, is the claim that the survivor is a trustee of the firm assets for the purpose of converting them into money and paying therewith the firm debts, and that in the administration of this duty he has no power to create a trust through which it may be performed, or preferences among the creditors to be paid. The plaintiffs occupy the very anomalous position, of asserting that the survivor is powerless to create preferences because he holds the property in trust, but that his attempt to do so not only destroys the trust, but authorizes a single creditor to step in and take the whole property in satisfaction of his debt, to the exclusion of other firm creditors. This view seems to lead to a logical absurdity and cannot, we think, be maintained upon reason or authority. We do not see how any creditor, in the absence of fraud, has a right to complain of the disposition which an insolvent debtor makes of his property. Such a debtor has a legal right to transfer all of his property to one or more creditors, provided he does so in good faith, for its fair value, and with an honest intent to

pay his debts. Such a right is incident to the ownership of property, and follows the legal title wherever that goes unless some special equity in favor of some individual or class is violated thereby. (*Daby* v. *Ericsson*, 45 N. Y. 786.) If there are persons who have such special rights, they alone have a standing to enforce them, and they cannot be availed of by third persons, for their own benefit.

Upon the death of one partner the surviving members of the firm become the legal owners of its assets by virtue of their survivorship, and have the exclusive right to sell, mortgage and dispose of them, in the performance of their duty in closing up the affairs of the partnership, and can do so in the manner they deem best for the interest of those concerned. The representatives of the deceased partner have no legal interest in such assets, and no legal right to interfere in their administration, so long as the survivor is prosecuting the business of closing up the estate, and applying its proceeds in the payment of firm debts. The survivors do not take such assets as trustees, but, as survivors, hold the legal title subject to such equitable rights as the representatives have in the due application of the proceeds. They may, therefore, require the application of the assets to the payment of partnership debts, but the time, manner and mode of doing so are a part of the administration of the estate which is under the exclusive control of the survivors. While such representatives have an equitable interest in the distribution of any surplus remaining after the payment of the debts, yet, until all of such debts are paid, it is a mere contingency which may or may not eventually ripen into a legal right. The rules regulating the distribution of the estates of deceased persons can, therefore, have no application in the control of the affairs of an insolvent firm being administered by surviving partners. It was said by Lord WESTBURY, in *Knox* v. *Gye* (L. R., 5 Eng. & I. App. 656), that "the surviving partner is often called a trustee, but the term is used inaccurately; he is not a trustee either expressly or by implication. On the death of a partner the law confers on his representatives certain rights as against the

surviving partner, and imposes upon the latter corresponding obligations. The surviving partner may be called, so far as these obligations extend, a trustee for the deceased partner, but when the obligations have been fulfilled, or are discharged or terminated by law, the supposed trust is at an end."

It is well settled by authority, in this state, that partners may lawfully make general assignment of their partnership property for the payment of firm debts, and may, in such assignment, make such preferences as they deem just and proper, and we can see no reason why the death of one of the firm should deprive the survivor, upon whom is devolved the exclusive management of the firm assets, of the right to make a similar disposition of the assets. The reason which precludes one member of a firm from making a general assignment for the benefit of creditors, without the consent of his partner, has no application to such a case.

It is not within the contemplation of the contract of partnership that an agency is thereby created which, during its continuance, authorizes one partner to destroy or annul it, and he cannot, therefore, make a disposition of firm property which has that effect. (*Havens* v. *Hussey*, 5 Paige, 30.) But in the event of a dissolution of the firm, effected by the death of one of its members, the winding up of the business of the firm is the precise result which is contemplated by the agreement, for it is provided by law that the survivors shall proceed to close up the partnership business. If the assets in such case are insufficient to pay the firm debts in full, it is just and proper for the survivors to distribute them in accordance with the principles of justice and equity, and pay one creditor in preference to another, if they deem that equitable.

It was never in the contemplation of the contract of partnership that strangers, as the representatives of a deceased partner are, should have a voice in the determination of questions relating to the distribution of the firm assets among its creditors. They have the right to require them to be applied upon the firm debts, but if they are insufficient to pay such debts in full they have no interest in the question,

whether the deficiency shall be payable to one creditor, rather than another. It has been repeatedly adjudged in our courts that the assent of the representatives of a deceased partner, to the transfer of firm property by the survivors, is unnecessary, and that the assignee takes the legal title regardless of the dissent of such representatives. (*Daby* v. *Ericsson, supra; Sweet* v. *Taylor,* 36 Hun, 256; *Nehrboss* v. *Bliss,* 88 N. Y. 600.) No reason is seen why such survivors are not equally entitled to transfer such property by general assignment, without the assent of such representatives, as to do so by assignments to individual creditors in payment of debts. The same result is brought about in either event. If by direct transfers of property to a part of the creditors, they can provide for the payment of the debts of such creditors to the exclusion of others, it is difficult to see why they do not have authority to accomplish the same result, through the medium of a general assignment. While we regard the conclusions reached as well founded in principle, we also think they are in accord with the most approved authorities. In *Egberts* v. *Wood* (3 Paige, 517), the chancellor held that "the legal interest in all the assigned property was in the surviving partners, and at law they alone were chargeable with all the debts of the firm, they had, therefore, the right, without the consent or concurrence of the representatives of the deceased partners, to appropriate this property for the payment of the debts of the firm in such manner and by giving such preferences as they might think proper. The decedent has no interest in the question as to what debts shall be paid first, in case the partnership effects are insufficient to pay the debts." In *Hutchinson* v. *Smith* (7 Paige, 26), it was held that a general assignment by a surviving partner, for the payment of firm debts, making preferences, previous to the Revised Statutes regulating the distribution of the estates of deceased persons, if made with the assent of the representatives of the deceased partners, was valid and could not be successfully assailed by the firm creditors.

As we have before seen, if the firm is insolvent neither the assent of the representatives, nor the statute regulating the distribution of a deceased person's estate can legally affect the power of a survivor to make such assignment. In *Loeschigk* v. *Hatfield* (5 Robt. 26), it was held that a surviving partner could transfer the whole assets of the firm to a firm creditor in payment of his debt, without the assent of the representatives of the deceased partner, provided it was done in good faith, and that such transfer could not, in the absence of fraud, be disturbed by other creditors of the firm. This decision was affirmed by the Commission of Appeals in 51 New York, 660, and that decision was followed by this court in *Cushman* v. *Addison* (52 N. Y. 628).

In *Haynes* v. *Brooks* (42 Hun, 528), the General Term of the first department held that an assignment of the firm property in trust for the benefit of firm creditors by the survivor making preferences, was a valid disposition of such property, although the representatives of the deceased partner did not assent to the assignment. This decision very much impaired, if it did not overthrow, the previous decision of the same court in *Nelson* v. *Tenney* (36 Hun, 327). We may also refer to the case of *Beste* v. *Burger* (17 Abb. N. C. 162) as supporting the general principles above laid down. A quite conclusive authority upon the question discussed is found in *Emerson* v. *Senter* (118 U. S. Rep. 3). It is there held that a sole surviving partner who is himself insolvent may make a general assignment of all the firm's assets for the benefit of all joint creditors with preferences to some of them, and that the representatives of a deceased partner have no right to interfere or prevent such a disposition of the firm property. We quite approve of the reasoning of the learned justice who wrote in that case, and consider it conclusive upon the questions involved here. The other questions raised in the case are unimportant and do not require special notice.

The judgment of the General Term should be affirmed.

All concur.

Judgment affirmed.