JAMES C. BELL, RESPONDENT, v. SAMUEL S. HEPWORTH, SURVIVOR OF THE FIRM OF S. S. HEPWORTH & CO., AND OTHERS, APPELLANTS.

*Right of a surviving partner to execute a mortgage upon firm real estate — a subsequent lienor cannot compel the mortgagee to first foreclose a collateral mortgage given by the surviving partner on his own individual property.*

A surviving partner of a firm takes the legal title to the firm property, and may execute a mortgage to secure a portion of the purchase-price of property conveyed to him pursuant to a contract for its purchase entered into by the firm before the decease of his partner.

In an action brought to foreclose a mortgage, given by a surviving partner for moneys borrowed for the purpose of continuing the business after his partner's death, as he was authorized to do by the articles of copartnership, neither the personal representatives of the deceased partner nor subsequent mortgagees are entitled to compel the plaintiff to first foreclose a mortgage, given to him upon the individual property of the surviving partner, as a collateral security for the payment of the loan, at the time that the mortgage being foreclosed, was executed.

While the surviving partner's individual property is liable for the partnership. debts, and the plaintiff could have resorted to the collateral securities first, his right to apply the partnership property to the payment of his debt could not be objected to by any subsequent lienor.

APPEAL from a judgment of foreclosure, recovered on a trial of this action at the Westchester Special Term on the 2d day of June, 1888, before the court, without a jury, which was entered in the office of the clerk of the county of Westchester on the 27th day of August 1888.

On February 3, 1877, Joseph Colwell, since deceased, and Samuel S. Hepworth entered into a partnership to manufacture certain machinery for a period of five years, under the firm name of S. S. Hepworth & Co., which was, by supplemental agreement, dated October 13, 1881, extended for a further period of time. The supplemental agreement contained a provision to the effect that, in the event of the death of either of the partners, the business should be continued by the survivor until the expiration of five years from the first day of February next succeeding such death; the estate of the deceased partner to have the same share and interest in the profits and to bear the same share of losses of the business as would have been received and borne by the deceased partner had he lived. Colwell died in May, 1882, leaving a last will and testament. Shortly after the making of his will, the partners entered into a contract to purchase from the plaintiff the lands covered by the mortgage sought to be foreclosed herein. After the contract was executed, but before the title was passed, Mr. Colwell died. A deed was subsequently given by the plaintiff to the defendant Hepworth as the surviving partner, part of the purchase-price being paid out of the partnership funds, and a mortgage to secure the remainder of the purchase-price being executed by the said surviving partner to the plaintiff. About two years after Mr. Colwell's death, the defendant Hepworth, as surviving partner, borrowed from the plaintiff $23,000 for the purpose of continuing the business, and gave him the mortgage to foreclose which this action is brought. Another mortgage was executed by him, as surviving partner, to the executors and trustees of Colwell, to secure an amount due to them, and also a fourth and fifth mortgage to the

Garfield National Bank and to one Samuel A. Briggs, to secure amounts due to them. At the time of executing the mortgage to the plaintiff, which is sought to be foreclosed in this action, Hepworth executed and delivered to him a mortgage on property owned by him individually, as a collateral security to secure the payment of the mortgage executed by him as surviving partner.

*William B. Ellison,* for the appellant Frank W. Colwell, receiver, etc., and Skellen & Colwell, executors, etc.

*S. Jones,* for the Garfield National Bank, appellant.

*William Allen Butler,* for the plaintiff, respondent.

*Ralph E. Prime,* for defendant respondent Quick, assignee, etc.

BARNARD, P. J.:

The mortgage is good by virtue of the power of the surviving partner to execute the same without regard to the consent of the deceased partner, given in his will, that the business shall be continued for five years after his death. The surviving partner took the legal title with the right to determine the manner of the management of the firm business, subject to the equitable rights of the survivor. (*Williams* v. *Whedon,* 109 N. Y., 333.)

Whatever may finally be adjudged to be in the power of a testator as to continuance of a partnership business after death, as between the debts existing at his death and those subsequently contracted in the business, in respect to the estate as it was at the decease of the partner, the mortgage, as between the executors of Colwell and the plaintiff, is good. Colwell authorized the continuance of the business. The land was purchased in the lifetime of Colwell, and the deed was taken after his death. The mortgage was, therefore, based upon the business of the partnership, and was given on partnership lands, and under a power expressly given in his will. The parties are, therefore, bound by it, it being given in good faith and for value which the partnership received and retained. The mortgage on the individual property of the surviving partner, given at the same time the mortgage described in the complaint was given, was a collateral security to the partnership loan. The decree which directed the sale of the partnership mortgage first

was equitable. The surviving partner had rights to be considered. It is true that he is liable for the partnership debts as an individual, and that the plaintiff could have first resorted to the collateral security, but the plaintiff seeks to apply first the partnership property to the payment of the debt, and this right cannot be objected to by any subsequent lienor.

The rights of these lienors must be determined in respect to the individual property of Hepworth, the surviving partner, after the agreement in respect to the partnership mortgage is carried out.

The judgment should, therefore. be affirmed, with costs.

PRATT, J.:

The representatives of a deceased partner may require from the surviving partner an account of his doings as such survivor in closing the business. They may also compel payment by the survivor of such amount as shall be found due to the estate of the deceased partner; and when it is made to appear that, by maladministration, the rights of the estate are imperilled, equity will find means for their protection. In some cases the courts have spoken of these rights as constituting a " lien " on the property of the firm. The strict propriety of that term may, perhaps, be doubted. If they can be said to constitute a " lien " it must be in a qualified sense, for the title to the assets vests in the survivor. He may sell the property and give a clear title. He may even make an assignment, with preferences. The appellants are, therefore, in error in claiming that any such lien existed in favor of the estate of Joseph Colwell as would prevent Hepworth from making a valid disposition of the property. He could sell the assets, or could make use of them as security for a loan; and so long as such acts were in good faith, the executors of Colwell could not effectually interfere. The execution by the surviving partner of the mortgage sued upon was within his powers, and the right of the mortgagee thereunder is superior to the claims of the executors.

Counsel for appellant insists that plaintiff should be compelled to resort to his mortgage upon the individual property of Hepworth, and exhaust that security before coming upon the property held by him as surviving partner. But the individual creditors object, with good reason, that the individual property is the primary fund for

the payment of their debts. They argue that, as the loan now being enforced was contracted in aid of the partnership business, the individual estate must be regarded as a surety upon the loan. That contention appears to be well founded.

It follows that the disposition of the cause at Special Term was correct, and the judgment must be affirmed, with costs.

DYKMAN, J., not sitting.

Judgment affirmed, with costs.