JOHN J. RUSSELL, as Administrator, with the Will Annexed, of MARY A. RUSSELL, Deceased, Respondent, *v.* LAURA S. McCALL, as Executrix, etc., of JAMES McCALL, Deceased, Appellant, Impleaded with Others.

*Election of remedies — money judgment against a surviving partner — a bar to a subsequent action against one possessed of the firm assets.*

The personal representative of a deceased partner prosecuted an action against the surviving partner asking for an accounting, and for a personal judgment for the amount which might be found due, on a complaint which disclosed knowledge on the part of the representative of a misappropriation of assets by the surviving partner, and which alleged that he still had possession of assets of the firm, in which action a money judgment simply was entered in favor of the representative of the deceased partner against the surviving partner, for the amount for which he was found accountable.

*Held*, that the representative of the deceased partner was to be deemed to have elected not to impress a trust upon the firm assets, but to treat the surviving partner as a debtor to the extent of the interest of the deceased partner in the firm assets, and thereby to affirm the survivor's title to the same, and his right to dispose of them for his own account ; and that such representative was thereby barred from thereafter maintaining an action on the same cause of action for a money judgment to be paid out of such assets, against a third party who had become possessed of them through such surviving partner, with whom he had entered into a partnership to continue the firm business.

APPEAL by the defendant, Laura S. McCall, as executrix of the last will and testament of James McCall, deceased, from a judgment of the Supreme Court, in favor of the plaintiff, rendered at the New York Special Term, and entered in the office of the clerk

of the city and county of New York, on the 18th day of June, 1892.

*George Hoadly*, for the appellant.

*P. A. Hendrick*, for the respondent.

VAN BRUNT, P. J.:

Upon the trial of this action the following facts appeared : Prior to February, 1880, the defendant, Schamu M. Moschowitz, and one Mary A. Russell, were copartners in the business of dressmaking at 299 Fifth avenue, New York city. In said February the said Mary A. Russell died, leaving a last will and testament, in which she designated her sister, Elizabeth L. Russell, as her executrix, who duly qualified, and subsequently having become Elizabeth L. Macdona, commenced this action, and having died, her brother, John J. Russell was appointed administrator, with the will annexed of said Mary A. Russell, and this action was revived and continued in his name. At the time of the death of said Mary A. Russell the said copartnership was possessed of a large amount of assets and property in excess of its liabilities, which the said Schamu M. Moschowitz took possession of as surviving partner of the firm of Moschowitz & Russell and continued the business as theretofore carried on until the 1st of May, 1880. Upon this day Schamu M. Moschowitz and James McCall formed a copartnership for carrying on said business, and under the name and style of Moschowitz & Russell and at the same place continued to carry on said dressmaking business as such copartners. The capital upon which said copartnership carried on business consisted of the assets and good will of the old firm of Moschowitz & Russell, of which said McCall had full knowledge. Upon entering into said copartnership Schamu M. Moschowitz and James McCall ascertained the value of the assets of said firm, and fixed and agreed upon the value thereof above all liabilities at the sum of $51,019.90. All the liabilities of said firm had been paid and discharged except a claim made by the defendant Herman Moschowitz for the sum of $40,000 claimed to be due for salary. The moneys realized from the sale of the assets and property of Moschowitz & Russell were used by the firm composed of Schamu M. Moschowitz and James McCall in purchasing new

merchandise and paying the regular running expenses of the new business, and such assets and property and such new goods and merchandise were indiscriminately used in the business of the copartnership. On the 26th of October, 1880, Elizabeth L. Russell, as executrix of Mary A. Russell, commenced an action in this court against Schamu M. Moschowitz, alleging the copartnership between Russell & Moschowitz, and that a large amount of assets belonging to said copartnership over and above its liabilities at the time of the death of said Mary A. Russell came into the possession of Moschowitz as surviving partner, and that he with due diligence could have wound up and closed out said business within a few months after the dissolution of said firm by the death of said Mary A. Russell, and have paid over to said plaintiff the share of said deceased in said copartnership business; that instead thereof the defendant had neglected so to do and had continued in possession of the place of business of said firm and said property and assets and continued to carry on the business and use the assets and property of said firm in said business and had made no efforts to sell and dispose of said assets and property, except in the ordinary course of said business, and that he had in his possession, not sold and undisposed of, the greater part of said assets and property, which were becoming less and less valuable; that plaintiff frequently requested the defendant to wind up the business, but the defendant had neglected so to do, and had not paid to the plaintiff as executrix any money or other proceeds of said copartnership, nor had he assigned, transferred or delivered to her any assets, securities or other property of the firm, or accounted with her in respect to the same. Then follows an allegation in respect to a claim upon the part of Moschowitz to use the firm name; and judgment is demanded that an account might be taken of all the dealings and transactions of said copartnership from the time of its commencement to the time of its dissolution by the death of Mary A. Russell, and that the defendant account for all his dealings and transactions in regard to the property, assets and effects of such copartnership since such dissolution, and that the defendant be adjudged to pay to the plaintiff any amount which might be due from him on such accounting, and that a receiver might be appointed and an injunction issued. Issue was joined in said

action and the same was duly referred, and the referee having reported on the 4th of January, 1884, a judgment was duly entered in said action by which, after reciting that by said report it appears that the defendant, Schamu M. Moschowitz, as surviving partner of the firm of Moschowitz & Russell, was chargeable with the assets of said firm which came into his hands as such surviving partner over and above all credits in the amount of $73,458.44; and that the plaintiff, as successor of said deceased partner, was entitled to recover half of said balance of any assets subject to the provisions in said decree made for the deposit of a portion thereof; and after reciting that it appeared by said report that Herman Moschowitz was prosecuting a claim, etc., against said firm; and after reciting that it appeared by said report that certain furniture belonging to said firm was in the possession of the plaintiff, and had not been reduced to possession by the defendant, it was adjudged that the defendant, Schamu M. Moschowitz, within thirty days after the service of a copy of said judgment upon him, deposit in the United States Trust Company $44,000 to abide the event of said action brought by Herman Moschowitz against said Schamu M. Moschowitz individually and as surviving partner of the firm of Moschowitz & Russell, and then pending, said sum to be applied to the payment of any final judgment which should be obtained in said action, and the overplus if any, or in case no judgment should be obtained against the defendant, then the whole sum and interest at the final determination of said action to be divided equally between the defendant and the plaintiff, or her successor. It was further adjudged that the defendant forthwith reduce to possession the household furniture thereinbefore mentioned, and sell the same and pay over to the plaintiff half of the net proceeds after deducting the necessary and proper expenses of sale, etc. And it was further adjudged that the plaintiff recover of the defendant the further sum of $14,729.22, being the half of the remainder of the balance of net assets thereinbefore mentioned, after deducting said sum of $44,000, together with costs and allowances. Subsequently, proceedings were had by which the latter part of said judgment was modified, and said last-mentioned sum was reduced to $435.49.

That on the 1st day of January, 1881, the firm of which Moschowitz and McCall were members was enlarged by the addition of

a new member, the defendant, Herman Moschowitz, and the firm name changed to Moschowitz Bros. No new capital was contributed by the incoming member, and the remaining assets and property of the firm of Moschowitz & Russell were used by the new firm, and new goods and merchandise were purchased with the proceeds of such assets and property, and the same were indiscriminately used in the business of the copartnership of Moschowitz Bros.

In February, 1882, McCall began an action in the Court of Common Pleas against his copartners, the Moschowitzes, for a dissolution of said firm, an accounting, the appointment of a receiver and the issuance of an injunction. In March, 1882, Schamu M. Moschowitz was appointed receiver, and under the orders of the Court of Common Pleas continued to do business. In January, 1885, an interlocutory judgment was entered in this action, and the defendants appealed therefrom. Pending this appeal, said McCall died, leaving a last will and testament by which he appointed his widow his executrix, who was substituted in said action in the Common Pleas.

In January, 1888, this action was commenced by Elizabeth L. Macdona, as executrix of Mary A. Russell, deceased, against Schamu M. Moschowitz, Herman Moschowitz and Laura S. McCall, as executrix of James McCall, deceased, and Schamu M. Moschowitz, as receiver of the property and effects of Moschowitz Bros., and, after alleging the facts hereinbefore stated, and that Schamu M. Moschowitz was insolvent, demanded judgment that the judgment theretofore rendered in her favor in her suit against Schamu M. Moschowitz, as surviving partner of the firm of Moschowitz & Russell, be declared and adjudged to be a lien upon the assets of the business of Moschowitz & Russell and Moschowitz Bros., carried on after the death of Mary A. Russell, and of the property and assets of Schamu M. Moschowitz as receiver; and that the lien or claim of the defendant, Laura S. McCall, as executrix, be adjudged and declared to be inferior and subordinate to the lien of this plaintiff upon said assets; and that the lien or claim of any of the defendants in this action, creditors of the business carried on by the firms of Moschowitz & Russell and Moschowitz Bros., be declared to be inferior to the rights, claims and lien of this plaintiff in and to said assets; and that the judgment recovered by this plaintiff against Schamu M. Moschowitz be paid out of the funds in his hands so far

as the same would go toward the liquidation of said judgment; and that an injunction issue, and that the plaintiff have judgment against the defendants for $————.

The defendant, Schamu M. Moschowitz, answered, denying any copartnership with McCall, admitting the carrying on of the business of Moschowitz & Russell, with the property and assets of said firm, denying that the business formerly carried on was continued without any additional assets or capital, alleging that said business was carried on rightfully, and setting up as a bar the judgment obtained in the action of the plaintiff against Schamu M. Moschowitz above referred to.

The defendant, McCall, answered, denying any knowledge or information sufficient to form a belief as to most of the allegations contained in the complaint, and alleging that at the time of the death of Mary A. Russell, the firm of Moschowitz & Russell became and was dissolved, and that Schamu M. Moschowitz, who became and was the owner of all said property, etc., sold and disposed of the same, and was allowed by the executrix of the will of his said deceased partner, without restriction or interference, to sell or otherwise dispose of the same, and that for the interest or claim of said executrix for the share or interest of said deceased partner, she, on the 4th of January, 1884, recovered a judgment against Schamu M. Moschowitz, as alleged in said complaint, which was afterwards modified, but that no lien or charge upon the assets of the firm was created or established by said judgment or otherwise, and that said assets and property had prior thereto been lawfully disposed of by the surviving partner, and upon information and belief claiming the funds in the hands of the receiver.

The issues were thereupon tried before the court without a jury at Special Term and before the decision, the plaintiff Macdona having died, an order was made reviving and continuing the action in the name of John J. Russell as administrator with the will annexed of Mary A. Russell, deceased. And a judgment was subsequently entered that said John J. Russell, as administrator, recover of the defendant Laura S. McCall, executrix of the last will and testament of James McCall, the sum of $22,435.49, with interest from the 1st of May, 1880, to the 16th of June, 1892, in the sum of

$16,328.11, and costs and allowances duly adjusted at $919.27, making in all $39,682.87. From this judgment the present appeal is taken.

Certain irregularities are claimed in reference to the proceedings relating to the findings of fact by the court herein ; but in view of the conclusion at which we have arrived upon the main question involved, it becomes unnecessary for us to consider that point.

The principal question which is presented upon the foregoing facts is as to the right of the plaintiff to maintain this action against the defendant McCall, after having entered a money judgment against Schamu M. Moschowitz in the action brought by Elizabeth L. Russell, as executrix of Mary A. Russell against him for an accounting, and for a judgment for any amount which might appear to be due from him on such accounting, it being claimed upon the part of the appellant that the representative of the deceased partner, Mary A. Russell, by prosecuting the action for her share in the copartnership assets against the surviving partner Moschowitz alone, is barred from suing him again, joining McCall with him upon the same cause of action, because the plaintiff's right of action herein is merged in the judgment recovered against Moschowitz, the survivor ; and because the representative of the deceased partner, having recovered a personal judgment against the surviving partner for the value of the interest of the decedent in the firm's estate, cannot afterwards claim against any person who took title to such assets from such survivor.

The learned court below in the disposition of this case in its opinion states that at the time the action for an accounting was brought the plaintiff therein was ignorant of the alleged misappropriation by Moschowitz and McCall, and being so ignorant by bringing such action " she thereby made no election, for until she was made aware of the misappropriation there was no basis for an election. But even if she were fully advised of what had transpired, her action against the surviving partner would have been no bar to the present action. She had no legal interest in the assets of the late firm ; Moschowitz by virtue of his survivorship became the legal owner of these assets, while Miss Russell's executrix had but an equitable interest in the distribution of any surplus remaining after the payment of the debts. ( *Williams* v. *Whedon*, 109 N. Y. 338.)

The action which the plaintiff brought against the surviving partner Moschowitz was, therefore, an action to ascertain the amount and value of the deceased partner's share of the assets of the late firm after the payment of its debts. It was in effect an action for the accounting which must precede any recovery against the surviving partner personally. It is clear, therefore, that the rules which govern with regard to trustees of trust funds are inapplicable. There the *cestui que trust* must elect whether to hold the unfaithful trustee personally responsible or to follow the trust fund into the hands of other persons. He cannot do both. Here there was no such trust fund. The assets did not belong to the estate of the deceased partner. Nor did the surviving partner hold the assets as an ordinary trustee for such estate. The estate had a right to require from him the proper liquidation of the business, the application of the assets to the payment of the partnership debts and the division of the surplus. These are the rights which the law confers upon the representatives of the deceased partner, and these the obligations which it imposes upon the surviving partner. (*Knox* v. *Gye*, L. R. [5 Eng. & I. App.] 656.)

"'The surviving partner may be called,' observed Lord WESTBURY, in the case cited, 'so far as these obligations extend, a trustee for the deceased partner.' There is surely no inconsistency between the assertion of these rights and a subsequent action to compel the restoration of the partnership estate, by transferees in complicity with the surviving partner. Such an action is not antagonistic to the ordinary action for an accounting against the surviving partner, but is really in harmony with it, and even in aid of it. Its object is the same, namely, to secure the due application of the partnership assets in accordance with the rights of the deceased partner and the obligations of the survivor. If such assets are still in existence in specie, the court will require such application in accordance with equitable principles. If, however, such assets have been converted and misapplied, then the rights of the deceased partner can be adequately secured only by judgment *in personam* against each and every person who has shared in the misappropriation of the partnership estate. In other words, the representative of the deceased partner may, by her action for an accounting against the surviving partner, secure a liquidation of the affairs of the firm, and have the

balance coming to the estate judicially ascertained. But such representative may also require the application of the partnership assets in accordance with her rights, whether such assets are in the hands of the surviving partner alone or jointly with some other person who, without parting with value, simply shares the surviving partner's possession with full knowledge of his obligations. In case, however, the assets have been converted, and cannot, therefore, be specifically applied in accordance with the partnership rights and obligations, it will naturally necessitate a personal judgment against those who were thus jointly in possession of the property."

It seems to us that in the foregoing reasoning the court lost sight of the fact that the representative of the deceased partner not only brought her action for an accounting, but also for a personal judgment against the surviving partner for the amount which might be found due from him, and that the judgment entered was simply a money judgment against the surviving partner for the amount of assets for which he had been found to be accountable; and that the representative of the deceased partner having chosen to treat the surviving partner as a debtor to the extent of the interest of the deceased partner in the assets of the firm, he thereby affirmed his title to the same and his right to dispose of them for his own account. It is a familiar principle that a party cannot recover from a person who has obtained possession of property, the purchase price of that property, and in addition thereto in a separate proceeding, impeach the title of persons who have come into the possession of that property through the original possessor. In the action brought by the representative of the deceased partner a trust upon the assets of the firm might have been impressed, and such seems to have been the theory upon which the present action was commenced. But having failed to do this, having treated the surviving partner as a debtor to the full amount of the assets, and obtained judgment against him for that amount, it is difficult to see how it is possible to pursue other people who have become possessed of those assets through the instrumentality of the surviving partner.

What is the result arising from the judgments which have been entered in respect to this property? The plaintiff in this action has a judgment against Schamu M. Moschcowitz requiring him to deposit $44,000 in a trust company to meet the liabilities of the firm of

Moschowitz & Russell, such sum to be devoted to the payment of such liabilities when ascertained, and, if not exhausted in their liquidation, overplus to be equally divided between the parties and also a judgment for the amount of the assets taken by Moschowitz in excess of such $44,000. She has now also a judgment against the defendant McCall for over $22,000, being the one-half of the value of such assets, to which interest is to be added. And when this latter judgment is paid, if Moschowitz deposits his $44,000 in court and Herman Moschowitz succeeds or does not succeed in establishing his claim, the plaintiff will in the one case have such liability paid and will receive half the value of the assets independent of such liability, and in the other case will receive the money twice — $22,000 from the money deposited by Moschowitz and $22,000 from McCall; and thus in any event will in reality be receiving over $44,000 for the decedent's interest in the assets of the firm of Moschowitz & Russell, which is adjudicated at twenty-two thousand odd dollars.

But it is urged that at the time of the filing of the bill for an accounting and the taking of the judgment in that action, the plaintiff therein was ignorant of the fact that the new firm had converted to its own use all the assets of the old firm, and that this relieves her from the result of the bringing of that action and the taking of that judgment. If this were true, it might be a reason for relieving her from such judgment in a proceeding properly taken for that purpose. But it is hard to see how she can be deemed to have been in ignorance of the fact that the surviving partner was converting to his own use all the assets of the old firm, in view of the allegations of her complaint in that action. She alleges that the surviving partner had continued to carry on the business conducted by said firm prior to the death of said Mary A. Russell, and to use the assets and property of said firm in said business, and had made no effort to sell and dispose of said assets and property except in the ordinary course of said business, etc. This allegation shows that the plaintiff knew that the surviving partner was not liquidating the business, but was treating the assets as his own and conducting his own business therewith. It is true she also alleges that the defendant has in his possession, unsold and undisposed of, the greater part of said copartnership assets and property, and that the same are

becoming less and less valuable. But notwithstanding this allegation by her proceeding in that action, she took no means whatever to reach said assets or to have them sold and the proceeds devoted to the liquidation of her claims, but contented herself with demanding nothing but a money judgment against the surviving partner for the value of the interest of the deceased partner in the firm. How could it be found, under these circumstances, that the suit was brought in ignorance of the misappropriation by the surviving partner of the assets of the firm, we cannot imagine. And there is no such finding contained in the record. But, with knowledge of such misappropriation and in the face of an allegation that the surviving partner had still possession of a large amount of these assets, the plaintiff takes a personal judgment against him for the value of her share or interests therein. How can she then impeach the title of anybody who has come into possession of these assets through that surviving partner?

A. has converted goods belonging to B.; B. sues and obtains a money judgment, and A. transfers the property to C. Can B. recover against C. also? We think not.

*Fowler* v. *Bowery Savings Bank* (23 Abb. N. C. 133) is a case which strikingly illustrates this principle. The plaintiff had deposited money with the defendant bank, which, under a mistake, paid it out to a third party named Flynn. The plaintiff, knowing of this, brought an action and secured a judgment against Flynn and attempted to realize upon the judgment. Failing to do so, the plaintiff turned about and sued the bank, but the court held that the first action was a bar, and that having made an election the plaintiff was bound by it. The court say: "If a trustee is bound to pay money to a beneficiary as a debt due from him to the beneficiary, then if he make payment to another person, he has not paid the debt, and the money paid is not in fact the property of the beneficiary. In such case the beneficiary may ignore payment and sue the trustee as his debtor, or he may ratify and adopt the payment and sue the person receiving the money as his debtor, but he cannot do both."

So, in the case at bar, the plaintiff might have pursued the property, or, in default of its recovery, have obtained a judgment. But, having brought a suit with knowledge of the misappropriation and

asked for a money judgment and obtained the same, he cannot pursue the property, as is attempted to be done in the present action. The plaintiff's predecessor, at the time that she brought the action for an accounting, was not ignorant of the misappropriation, as already stated. She may have been ignorant of the fact that others were interested in the misappropriation besides the surviving partner. And this might have afforded a reason for relief from the judgment against the surviving partner upon proper proceedings for that purpose; but it forms no ground, after ratifying the misappropriation by the one party by obtaining a money judgment, for the obtaining of another money judgment against another party for the same cause of action.

We are of opinion, therefore, that the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.