SMITH et al. v. FERGUSON et al.

(Supreme Court, Appellate Division, Second Department. October 18, 1898.)

1. COMPLAINT—CAUSE OF ACTION—GOODS SOLD.
   Action is on the original demand, time of payment of which is extended by the note; the complaint alleging sale of goods by plaintiff to the firm, consisting of defendant and another, the death of the other, continuance of defendant as sole survivor, delivery of note by defendant to plaintiff for amount of the bill after death of the other, and the nonpayment of note, and demanding judgment for the amount of the bill, interest, and costs.

2. SURVIVING PARTNER—ACTION.
   On death of a partner, the survivor may be sued as such, and individually, on claim against the firm.

Appeal from special term.

Action by William T. Smith and another against George D. Ferguson, individually and as surviving partner of George D. Ferguson & Co. From a judgment directed by the court on a trial before it awarding a judgment against defendant as surviving partner, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Roger M. Sherman, for appellant.
Percival C. Smith, for respondents.

HATCH, J. The complaint sets out a cause of action for goods sold and delivered by the plaintiffs to the firm of George D. Ferguson & Co., consisting of the defendant and Dorothy Ferguson. It also averred the death of the latter, and the continuance of the defendant as sole survivor. It further averred the execution and delivery of a promissory note by the defendant to the plaintiffs for the amount of the bill, after the death of Dorothy, the nonpayment of said note at maturity, and demanded judgment for the amount of the bill, interest, and costs. These averments constituted a good cause of action for goods sold and delivered, and the demand for judgment is in harmony therewith. The action is therefore to be treated as one upon the original demand for the value of the goods sold, and upon the proof a recovery is authorized therefor. Patterson v. Stettauer, 40 N. Y. Super. Ct. 54. The debt existed, and the note only operated to extend the time of payment. Iron Co. v. Walker, 76 N. Y. 521. The defendant might perhaps have insisted upon the production and delivery of the note into court, but no such question was raised, and no demand therefor was made. In form, the action was against the defendant individually and as sole surviving partner. This creates no obstacle

to a recovery.    When the defendant became the surviving partner he took the legal title to the partnership property.    Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365; Pars. Partn. (4th Ed.) § 345, and note, p. 437.  He became liable to account to the creditors for all of the property of the partnership, and, in addition, was individually liable to pay the debt.    An action might have been maintained against him without any suggestion of the partnership, and a recovery had.    Such has always been the rule.    Goelet v. McKinstry, 1 Johns. Cas. 405; Grant v. Shurter, 1 Wend. 148.    The cause of action against him as surviving partner could also be joined with one against him as an individual.    Kent v. Crouse, 5 N. Y. St. Rep. 141; Nehrboss v. Bliss, 88 N. Y. 600.    Such being plaintiffs' legal rights, it is clear that they could maintain the action as it was brought.    The court, acting within its legal right, could have granted judgment against the defendant individually as well as against him as surviving partner.    In fact, while the relation is dual in a sense, it is so in form only, as the effect of directing judgment against the defendant as a surviving partner is to permit of the enforcement of the same not only against the property of the partnership, but against individual property as well. There exists no basis for any legal complaint in what has been done.

The judgment should therefore be affirmed, with costs.    All concur.