---

### KRUMBOCK v. CLANCY et al.

(Supreme Court, Appellate Division, Second Department.   June 13, 1899.)

DISSOLUTION OF FIRM—ACCOUNTING—DEATH OF PARTNER—SUBSTITUTION OF
    EXECUTOR.
> The executor of a member of a firm who died after the court had appointed a referee to state the partnership accounts between the parties, in an action for dissolution of the partnership, is properly substituted as a party to the accounting.

Appeal from special term, Kings county.

Suit by William Krumbock against Patrick H. Clancy and another to dissolve a partnership and for an accounting.   From an order refusing to join the executor of a deceased partner, plaintiff appealed. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

James D. Bell, for appellant.
Jurden E. Seeley, for respondents.

WILLARD BARTLETT, J.   The plaintiff and the defendants entered into a partnership to engage in the manufacture and sale of paint; the plaintiff and the defendant Henderson undertaking to contribute $5,000 capital, and the defendant Clancy to superintend the manufacture of the paint.   The plaintiff brought this action to dissolve the partnership, and adjust the rights of the partners, on the ground that the defendant Clancy had not fulfilled his part of the contract.   Clancy alone answered.   There being no dispute as to the propriety of dissolving the partnership, an order was made referring

the case to a referee to take and state the partnership accounts. While the accounting was proceeding before the referee, the defendant Henderson died, whereupon the plaintiff moved that his executor be substituted as a defendant herein. This motion was denied, and the plaintiff appeals.

"The estate of a person or party jointly liable upon contract with others shall not be discharged by his death, and the court may make an order to bring in the proper representative of the decedent, when it is necessary so to do, for the proper disposition of the matter." Code Civ. Proc. § 758. In the present action the partnership had been dissolved, to all intents and purposes, by the order of the court appointing a referee to state the account between the parties. To have the account effectively stated, it was necessary to bring in the representative of the partner who had died since that order was made. No affidavit was submitted in behalf of the defendant Clancy in support of his opposition to the motion, and no sufficient reason is made to appear why the application should not have been granted.

The respondent relies chiefly upon the case of Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, in which the court of appeals said:

"Upon the death of one partner, the surviving members of the firm become the legal owners of its assets by virtue of their survivorship, and have the exclusive right to sell, mortgage, and dispose of them in the performance of their duty in closing up the affairs of the partnership, and can do so in the manner they deem best for the interest of those concerned. The representatives of the deceased partner have no legal interest in such assets, and no legal right to interfere in their administration, so long as the survivor is prosecuting the business of closing up the estate, and applying its proceeds in the payment of firm debts."

The language quoted refers to a dissolution caused by the death of a partner, where the survivor is prosecuting the business of closing up the estate, and the rule laid down has no application to a suit brought to ascertain the respective interests of the partners. This firm was virtually dissolved by the death of the defendant Henderson, and the task of closing up the affairs of the firm had been assumed, not by the survivors, who were at odds with one another, but by the court. The representative of the deceased partner would have a right to call them to account (Preston v. Fitch, 137 N. Y. 41, 57, 33 N. E. 77); and it seems clear that he is a necessary party to a full partnership accounting, such as the plaintiff seeks. The motion should have been granted in the interest of the respondent no less than that of the appellant.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.