1. EXECUTORS AND ADMINISTRATORS (§ 85*)—DISCOVERY OF ASSETS—STATUTES.
   Under Code Civ. Proc. § 2675, permitting a personal representative to present a petition, setting forth facts tending to show that personal property which should be delivered to him is in the possession or of one withholding it, and praying an inquiry and that respondent may be directed to deliver it, and section 2676, providing that if the person withholding it answers, denying knowledge or possession, he may be sworn, and if the answer raises an issue of title or right of possession it shall be determined and decreed accordingly, an executor's proceeding, alleging goods of the deceased to be in possession and control of another, remains a discovery proceeding, and should disclose a bona fide and competent issue of legal title before proceeding further; and where respondent by verified answer claims title and right to possession as deceased's surviving partner, the surrogate cannot proceed to hear and determine the title of decedent to the goods sought if the partnership is established, since he cannot take a partnership accounting or appoint a receiver, and since, by petition begun without summons, in violation of Code Civ. Proc. § 416, a judgment might be followed by execution or by decree in personam.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–358; ·Dec. Dig. § 85.*]

2. PARTNERSHIP (§ 244*)—RIGHTS OF SURVIVING PARTNERS—"JUS ACCRESCENDI."
   "Jus accrescendi," or the partner's right of survivorship to goods and chattels, at least until the close of liquidation, is recognized in New York.
   [Ed. Note.—For other cases, see Partnership, Cent. Dig. § 511; Dec. Dig. § 244.*]

In the matter of the estate of John J. Capria.   Proceeding to discover property withheld from the personal representatives.   Parties to present proofs on the issue of partnership, and, if partnership is established, further proceedings dismissed.

David Rosengarten, of New York City, for petitioners.
Baker & Hyman, of New York City, for respondent.

FOWLER, S.   This is a proceeding under the new Surrogates' Law (sections 2675, 2676, C. C. P.), which amends the provisions of the former Code of Civil Procedure in respect of proceedings to discover property withheld from the personal representatives of a deceased person.   Some of the many difficulties occasioned by the new legislation are apparent in this proceeding.   The matter now before me presents with precision this fundamental question, whether a proceeding for a discovery in this court has been converted into a new form of action by the new Surrogates' Law of 1914 or remains a discovery proceeding. The petition in this matter is ostensibly brought for a discovery under section 2675, C. C. P., and it alleges that. certain goods and chattels belonging to the deceased are now in the possession and control of one Lillian St. Mary Capria, and the petition prays inter alia an order for her examination.   The said Lillian St. Mary appears on the return of the order by attorney and submits a verified answer alleging in substance that the respondent claims title to said goods and chattels and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right to possession thereof as surviving partner of. a firm of which said John J. Capria, deceased, was in his lifetime a member.

[1, 2] Jus accrescendi, or the partner's right of survivorship to goods and chattels of the partnership, at least until the close of liquidation, is recognized in this state, although the general principle, "Jus accrescendi inter mercatores, pro beneficio commercii," has no place in our equity jurisprudence or as regards lands situated in this state. It was said in Murray v. Fox, 39 Hun, 108, 110, that a surviving partner for all practical purposes takes the legal title to partnership property. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460, is to the same effect. The answer, then, by section 2676, C. C. P., raises an issue in respect of title to the property sought, which, if that section as it now stands is to be construed literally, must be heard and determined in this court and a decree made accordingly. Does this section, as amended, mean that a partnership accounting must forthwith proceed in this case in this court? This is the only mode in which the interest of the deceased may be determined. We have no machinery for such a trial as that in this court. I cannot appoint a receiver of the partnership effects, nor can I direct that they be given to the administrator of the deceased. In Camp v. Fraser, 4 Dem. Sur. 212, Mr. Surrogate Rollins held that a surviving partner could not be required to turn over the decedent's interest in the partnership to his personal representative. If this remains law, as I think it does, what, then, is there to try out in this proceeding?

Under the old law I could dismiss the proceeding under such a state of facts. Is this new legislation intended to preclude such action on my part? I do not think so. If it does preclude it, we have a new form of action in this state, begun without a summons, in violation of section 416, C. C. P., and yet resulting in a judgment which may be followed by execution in some instances or by decree in personam in others. It cannot be that the surrogate has no longer any possible control over the issues presented for trial by a petition and answer in a discovery proceeding, and no discretion or duty except to decide who of the contending parties has the better title to the property sought. Yet if the new legislation is read literally there is no other course open to the surrogate, except to hear and determine the issue of title in every instance. In the Matter of Silverman, 87 Misc. Rep. 571, 151 N. Y. Supp. 382, I considered this new legislation concerning discovery, and I took occasion to indicate that in my judgment the principles of orderly and valid procedure dictated that a proceeding of this character should remain a discovery proceeding, and that the discovery ought to disclose that there was a bona fide and competent issue of legal title before proceeding further.

Whether an equitable title could then be tried out in this court in a discovery proceeding I need not now consider. I am satisfied that in view of the nature of the answer interposed in this matter and the limited powers of the surrogate, that I ought not to direct, under the amended law, the examination of respondent to proceed, nor can I proceed to hear and determine the title of the deceased partner to the goods and chattels sought, if the partnership is once established. The

new legislation must be supplemented by proper judicial action if it is to be rendered practical. The parties may appear before me in this matter and present their proofs on the issue of partnership or no partnership. If a partnership is established, further proceedings will then be dismissed out of this court.

Proceed accordingly.